ADAH K. SENEY *v.* BERTHA C. TROWBRIDGE.
D. E. WASHBURN BAY *v.* BERTHA C. TROWBRIDGE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 2—decided November 26, 1940.

*Joseph B. Morse,* for the appellant (defendant).

*Arthur T. Keefe,* with whom, on the brief, was *Leon J. Bascom,* for the appellees (plaintiffs).

BROWN, J.  On the afternoon of August 6, 1938, the plaintiff Seney, accompanied by the plaintiff Bay as passenger, was driving her Dodge sedan with trailer attached, westerly on the Boston Post Road in the town of Old Lyme.  Meantime at a point ahead of the plaintiffs' car, the defendant drove her Packard sedan across the road from its south side to a point where the front wheels of her car had passed beyond the center line of the concrete roadway.  The plaintiff Seney in an effort to avoid the defendant's car, swung her car to her right causing the right forward corner of the trailer to collide with a telephone pole on the north side of the road, resulting in the injuries and damage complained of.  The highway was straight and level, and consisted of a concrete road twenty feet wide, with a hard shoulder six and three-quarters feet wide on the north and one five feet wide on the south.  Opposite the telephone pole and south of the south shoulder was a semi-circular concrete driveway serving a house on that side of the road.  The ends of this driveway where they joined the shoulder were twenty feet apart.  The defendant, who had been driving easterly on the Post Road, for the purpose of turning around and proceeding westerly had driven over this driveway and from its easterly end onto the highway to the position in which her car was at the time of the accident.  There was no contact with the car of the defendant.  These facts are undisputed.  The evidence is in conflict as to whether just prior to the accident the defendant's car was continuing forward, backing, or having come to a stop shot forward again into the path of the plaintiff's car, and also as to the course which the defendant's car took.  The cases were tried

together and the jury rendered a verdict for the defendant in each. The court set aside both verdicts upon the ground that it had erred in its charge to the jury.

The court quoted the statute, § 637c of the 1935 Supplement to the General Statutes, providing that "each driver of a vehicle, before slackening its speed, stopping or backing, shall indicate by signal his intention to slacken its speed or to stop or to back and, if he intends to turn or change his direction, . . . he shall indicate by signal such intention and the direction in which he intends to proceed," but failed to charge that a violation of the statute would constitute negligence as a matter of law, and it set aside the verdict for this reason. The court found that the plaintiffs offered evidence to prove and claimed to have proved that: At fifty feet away she noticed the defendant's car standing in the highway with its front end about on the middle line of the concrete roadway; she sounded her horn several times and the defendant's car continued to remain in the same position; the plaintiff proceeded slowly with ample room to pass; when her car got within six to ten feet of the defendant's car it suddenly and without warning of any kind darted across the highway and over into the path of the plaintiff, the defendant giving "no indication by signal of her intention to stop or back or of what she intended to do on the highway as the plaintiff approached"; and thereupon, to avoid a collision, the plaintiff pulled her car to the right and the trailer collided with the pole. The defendant has assigned as error the inclusion by the court in the plaintiffs' claims of proof of the statement above quoted concerning the defendant's failure to signal; and also its refusal to substitute for this a finding that the plaintiffs offered no evidence and made no claim to this effect, her con-

tention being that there was no evidence offered as to whether or not the defendant did give any such signal.

Assuming for the purposes of this discussion, that whether the defendant did fail to give the signal which the statute requires and so was negligent, is shown by the finding to have been an issue for the jury's determination, it is manifest that the plaintiff's claim of proof that she gave none is the vital and essential one upon which this issue depends. In support of her attack upon the finding, the defendant urges that the inclusion of this claim cannot be sustained because there is no evidence in the case that she did fail to signal. The gist of the plaintiffs' contention is that though there is no such evidence, since the complaints expressly alleged that the defendant was negligent in failing "to indicate by signal or warning of her intention to turn," and she not only offered no evidence that she did signal, but herself testified that all of the windows of her sedan were shut, a proper basis appears for an inference sufficient to support the finding of their claim as quoted. Even though it could be inferred from the closed windows that no hand signal was given by the defendant, this cannot avail the plaintiffs, since some other kind of signal such as by horn or proper mechanical device might suffice under the statute. Nor were the allegations of the complaint, in the absence of any supporting evidence produced by the plaintiffs, effective to render it incumbent upon the defendant to go into the issue at all. An inference from silence can be drawn in such a case, only where there would be a duty to speak, and to hold that the defendant was under such a duty would shift to her the burden of proving an element in the plaintiffs' case. "A party may legally sit inactive, and expect the proponent to prove his own case. Therefore until the burden of producing evidence has shifted,

the opponent has no call to bring forward any evidence at all. . . ." 2 Wigmore, Evidence (3d Ed.) 179, § 290 (5). This rule is in accord with a recent decision by this court. *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 657, 174 Atl. 67; and see *Baker* v. *Paradiso,* 117 Conn. 539, 546, 169 Atl. 272. In so far as our opinion in *Kolensky* v. *DeFrancesco,* 102 Conn. 660, 662, 129 Atl. 777, is inconsistent therewith it is over-ruled. The court's finding in question is therefore unsupported, and the correction sought by the de-fendant is made. This change in the finding makes clear that the court's charge was not erroneous in fail-ing to state that violation by the defendant of § 637c would constitute negligence as a matter of law, and this instruction accordingly afforded no ground for setting aside the verdicts.

In its memorandum of decision granting the plain-tiff's motion to set aside the verdict in the *Bay* case, the court relied upon two further grounds. It sug-gested as one that it erred in referring to "unavoidable accident" when it was not in the case. In its charge the court said: "Of course, if you find here that what occurred was the product of an unavoidable accident—unavoidable accident—that and that alone, there could be no recovery, because things do occur on the high-way that are purely the product of accident." It is true that the finding does not present a case of un-avoidable accident and that these words taken by themselves failed to state that this principle is not applicable where negligence of either party is involved. Emphasizing as they did, however, that "unavoidable accident—that and that alone" must have produced the collision to permit resort to this rule, and following as they did the court's full explanation of the rules as to negligence, it does not appear that the jury could have been misled by the use of the words quoted. The

submission of an issue foreign to the facts in evidence is not necessarily error, but only so if it is likely to produce prejudice. *Kulinski* v. *Savin,* 125 Conn. 512, 514, 7 Atl. (2d) 436.

The other suggestion was that the jury could not reasonably have found the plaintiff Bay, as passenger, guilty of contributory negligence, and that therefore they could not reasonably have absolved the defendant from liability. Whatever the fact upon the issue of the defendant's negligence, it cannot be said that as a matter of law negligence of the defendant, if any, was a proximate cause of the collision of the trailer with the pole. Upon the evidence the jury could reasonably have found that the defendant as she drove out of the driveway and swung around to go in a westerly direction, proceeded slowly and on a course "not exactly parallel with the road" until she stopped just a little beyond the center where she was backing up when the accident took place, and that at that time there was ample room for the plaintiff's car and trailer to pass between her car and the pole to the north without colliding. In the light of these circumstances, and of the further fact that there was no contact with the defendant's car, the jury were warranted in concluding that whatever the part played by the defendant, it was the superseding negligence of the plaintiff Seney and that alone which was the proximate cause of the trailer's collision with the pole. *Corey* v. *Phillips,* 126 Conn. 246, 256, 10 Atl. (2d) 370. Neither of these further grounds afforded reason for setting aside the verdict in the *Bay* case.

The plaintiffs' bills of exceptions present the single question whether the court should have admitted in evidence a copy of the defendant's report to the motor vehicle commissioner, offered by the plaintiffs in rebuttal to contradict the defendant's testimony. The

finding, upon which alone the correctness of the court's ruling must be determined, fails to disclose, either what the purport or content of the testimony of the defendant was which the plaintiffs sought to contradict, or what in the report was claimed to constitute the contradiction. Under the circumstances we cannot say that the court erred in excluding the report.

There is error and judgment is directed to be entered for the defendant on the verdict in each case.

In this opinion the other judges concurred.