PATRICIA DONCH *v.* JOSEPH A. KARDOS

KING, MURPHY, SHEA, ALCORN and MACDONALD, JS.

Argued December 5, 1961—decided January 23, 1962

*Samuel Gordon,* with whom, on the brief, was *Joseph J. Rinaldi,* for the appellant (plaintiff).

*Francis A. Smith, Jr.,* with whom was *William B. Rush,* for the appellee (defendant).

ALCORN, J. This is an action for damages, in two counts, against a physician. The first count alleges malpractice and the second count alleges breach of an implied contract of employment. At the con-

clusion of the plaintiff's case, the defendant rested and moved for a directed verdict. The court reserved decision on the motion under § 234 of the Practice Book and submitted the case to the jury. The jury returned a verdict for the plaintiff which the court, on the defendant's motion, set aside, and judgment was rendered for the defendant notwithstanding the verdict. The plaintiff has appealed. The appeal is confined to the malpractice issue, the plaintiff conceding that unless she could sustain the burden of proof necessary to prevail on that issue she could not recover on the second count.

In addition to her appeal, the plaintiff has filed a bill of exceptions attacking numerous evidential rulings. The rulings involved are set forth in the finding and are also subjected to attack by the assignment of errors in the appeal. Under the former practice, a bill of exceptions by an appellant was proper in cases where a motion to set aside the verdict as against the evidence had been granted, if error during the trial was also claimed. Practice Book, 1934, § 364; *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 463, 190 A. 616. The provision for the filing of a bill of exceptions by an appellant was eliminated by an amendment to § 364 of the 1934 Practice Book, effective September 1, 1943. In its present form, the rule makes no provision for a bill of exceptions by an appellant, but permits one to be filed by an appellee, within ten days after the filing of the assignment of errors. Practice Book § 410. The purpose of the bill of exceptions is not to obtain a review of errors committed in the progress of the cause, as upon an appeal, but merely to permit an expression of opinion on questions not presented by the appeal which would be of assistance in a new trial if one were or-

dered. *Libero* v. *Lumbermens Mutual Casualty Co.,*
143 Conn. 269, 275, 121 A.2d 622; *Equitable Life Assurance Society* v. *Slade,* supra, 464; Maltbie, Conn.
App. Proc. § 288. We do not consider the bill of
exceptions.

The plaintiff has not mentioned in her brief three
of the nine assignments of error made on the appeal.
Consequently, they are treated as abandoned. *State*
v. *Ferraiuolo,* 145 Conn. 458, 459, 144 A.2d 41;
*Freund* v. *Burns,* 131 Conn. 380, 386, 40 A.2d 754.
Five of the remaining assignments of error concern
rulings on evidence. The rulings which the plain-
tiff would have us review were set forth by the
plaintiff in a single paragraph of the draft finding.
They now appear in the finding in a single para-
graph which covers eleven pages of the printed
record. This is an improper way in which to state
the rulings. Practice Book § 405. All the assign-
ments of error are in general terms, and all but one
attempt to attack groups of rulings the identity of
which we are left to search for, contrary to the re-
quirement that each assignment be specific. Prac-
tice Book § 408.

The remaining assignment of error attacks the
granting of the defendant's motion for judgment
notwithstanding the verdict. The court, having re-
served decision on the defendant's motion for a
directed verdict, is deemed to have submitted the
case to the jury subject to a later determination of
the legal questions raised by the motion. After the
return of the verdict, the court could, in the manner
described in the rule, allow the judgment to stand,
or could set the verdict aside and either order a new
trial or direct the entry of judgment as if the re-
quested verdict had been directed. Practice Book
§ 234. The court concluded that the plaintiff's evi-

dence did not permit a verdict in her favor and that therefore a directed verdict for the defendant would have been proper. Accordingly, the court set the verdict aside and rendered judgment notwithstanding the verdict. In reviewing the court's action, we apply two tests: first, whether, upon the evidence in the case, a directed verdict in favor of the defendant would have been proper, and, if that question is answered in the affirmative, then secondly, whether the court abused the discretion vested in it by the rule in not merely setting aside the verdict and thereby permitting a new trial, but in also rendering judgment for the defendant: *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 421, 101 A.2d 491. In this case, because of the absence of expert evidence as to the professional skill exercised by the defendant, the first question must be answered in the affirmative. This leaves for consideration the second question as to whether the rendition of judgment was proper. Because of the essentials involved, it is apparent that when a verdict is set aside on the ground of insufficient evidence to support it, the opportunity is rarely presented for the exercise of a discretion to deny a judgment notwithstanding the verdict. One opportunity which does present itself, however, is in the situation where the lack of evidence is clearly accounted for as a result of erroneous and harmful exclusionary rulings by the trial court. We examine the rulings complained of for the light they cast upon the rendition of judgment notwithstanding the verdict even though, as above pointed out, the assignments of error are not sufficiently specific to enable the plaintiff to predicate reversible error on the rulings as such.

A reading of the rulings indicates that in this

case the deficiency in the plaintiff's evidence may clearly be accounted for, in part at least, by the improper exclusion of material evidence by the court. Only one instance need be mentioned as an illustration. The plaintiff called as a witness an oral surgeon who had been the plaintiff's dentist for a great number of years and who was familiar with the condition of the plaintiff's teeth prior to the operation. The witness, after describing his technical training, had testified that he had been an oral surgeon for many years, that he was now connected with the hospital in which the plaintiff's operation was performed, that he was familiar with surgical procedures used there and that he was familiar with the use of the laryngoscope. The plaintiff's counsel then asked the following question: "Is there anything in her teeth, meaning Miss Donch's teeth, or the make up of her teeth which would cause her teeth to break if the laryngoscope were properly used?" The defendant's counsel objected without giving any reason. The plaintiff's counsel stated: "Your Honor, that is the important point here. I will argue that." The court replied: "Just a moment. I think you would have to incorporate into a hypothetical question all the facts and circumstances and then have the doctor give his opinion." The plaintiff's counsel then excepted. This ruling was erroneous both because the expert opinion of the witness could properly be based upon his personal knowledge of the subject matter without resort to a hypothetical question; *Independent School District* v. *A. Hedenberg & Co.*, 214 Minn. 82, 97, 7 N.W.2d 511; 2 Wigmore, Evidence (3d Ed.) § 675; and because a hypothetical question, even if necessary, would not be required to include all of the pertinent facts in evidence. *Floyd* v. *Fruit*

*Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918; *Johnson* v. *Toscano,* 144 Conn. 582, 591, 136 A.2d 341; *Stephanofsky* v. *Hill,* 136 Conn. 379, 384, 71 A.2d 560; *Jackson* v. *Waller,* 126 Conn. 294, 305, 10 A.2d 763; 2 Wigmore, op. cit. § 682(b), p. 807. "Where a court excludes evidence on a ground which is erroneous, and it cannot be determined that the evidence was inadmissible for the purpose for which it was offered, the error, if material, is harmful." *Stern & Co.* v. *International Harvester Co.,* 146 Conn. 42, 47, 147 A.2d 490. This and other similar exclusionary rulings cut short the plaintiff's efforts to introduce expert evidence bearing on the care and skill used by the defendant and consequently were material.

In passing upon a motion to set aside a verdict and to render judgment notwithstanding the verdict, the judge, once he has concluded that the evidence is insufficient to support the verdict, must necessarily, in determining whether to order a new trial or judgment, decide whether it is shown that the insufficiency of the evidence is due to circumstances for which the party is not at fault and that the necessary evidence will, in reasonable probability, be available on a retrial. *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421, 101 A.2d 491. Harmful and erroneous exclusionary rulings of the sort presented here constitute such circumstances. In such a situation, the proper exercise of the court's discretion calls for an order for a new trial rather than the rendering of a judgment notwithstanding the verdict. Section 234 of the Practice Book permits a precise and unhurried evaluation of any claims made by the parties that such a situation does exist. See *Ardoline* v. *Keegan,* 140 Conn. 552, 556, 102 A.2d 352. Under the circum-

stances in this case, the court abused its discretion in ordering judgment to be rendered notwithstanding the verdict.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.