REBECCA FISHMAN, EXECUTRIX (ESTATE OF SELIG FISHMAN) *v.* ALFRED SCARPA

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 3—decided May 29, 1962

*Ira B. Grudberg,* for the appellant (plaintiff).

*John H. Peck,* for the appellee (defendant).

ALCORN, J.  An automobile operated by the plaintiff's decedent was struck in the rear by a truck operated by the defendant.  More than five months after the collision, the plaintiff's decedent suffered a cerebral thrombosis and was admitted to a hospital, where he died about two months later.  The plaintiff brought this action, claiming that the death was due to the negligence of the defendant in the collision.  The defendant denied any negligence, denied that the death was due to any injuries sustained in the collision, and pleaded a special defense of contributory negligence.  The case was tried to a

jury, which rendered a verdict for the defendant. The plaintiff has appealed, seeking corrections in the finding and assigning error in the charge, in rulings on evidence and in the denial of a motion to set aside the verdict. The denial of the motion is not mentioned in the plaintiff's brief, and we therefore treat the claim of error as to it as abandoned. *Donch* v. *Kardos,* 149 Conn. 196, 199, 177 A.2d 801.

The finding is not subject to correction. One correction sought is to delete from the finding a paragraph reciting that, in the presence of the court and prior to the argument, the defendant's counsel suggested that interrogatories be submitted to the jury but that none were submitted, owing to the fact that the plaintiff's counsel did not accept the suggestion. The substance of the suggested interrogatories is not indicated, and the paragraph is not important to any issue decisive of the appeal. If the plaintiff seriously contested this paragraph of the finding, her proper course was to move to correct the record. Practice Book § 423.

The plaintiff claimed to have proved the following: The plaintiff's decedent was driving in an easterly direction on Goffe Street, a public highway in New Haven, at about 11:30 on the morning of June 29, 1959. It was a clear, dry day and the visibility was good. The decedent stopped for a red light at the intersection of Sherman Avenue. The defendant, who was following in a half-ton pickup truck, struck the rear of the decedent's automobile while it was stopped, causing the injuries from which the death of the decedent ensued about eight months later. Immediately after the collision, the defendant admitted his fault, and he repeated the admission during his testimony at the trial. The

defendant had seen the decedent's vehicle slow down and come to a stop and had seen the decedent peering at the traffic light while his vehicle was stopped. The defendant assumed that the decedent was going to start up again, but when he remained stopped, the defendant was unable to avoid striking the decedent's automobile in the left rear with the right front of the truck. The defendant was operating his truck at an excessive rate of speed, without reasonable control and without keeping a reasonable lookout. He failed to see the automobile of the decedent in time to avoid colliding with it and failed to blow his horn or give the decedent any other signal, as reasonable care required.

The defendant claimed to have proved the following: The defendant had followed the decedent's car along Goffe Street at a speed of about fifteen miles an hour, keeping about three car lengths to the rear of the decedent's vehicle. When the decedent's car was about one-fourth of a block away from the traffic light, the light changed from red to green. In spite of the fact that the light was green, the decedent's car slackened its speed and stopped. The light being green, the defendant did not expect the decedent's car to stop, and the stopping was done so quickly that the defendant had no time to sound a horn. The defendant applied his brakes and turned to the left to avoid striking the decedent's car. His truck was traveling at about five miles an hour when the collision occurred. As the vehicles were approaching the light, the sun was shining directly at both operators and was bothering them. The defendant saw the decedent bend over and apparently look under the sun visor of his car at the traffic light. The defendant had been observing the decedent's car as he followed it. He was maintaining a

proper lookout and did not see any hand signal or other signal indicating the decedent's intention to stop. The conduct of the decedent confronted the defendant with an emergency not caused by any negligence on his part, and the collision was unavoidable. The defendant was not negligent but if there was any negligence on the defendant's part, the conduct of the decedent was a proximate cause of any injuries sustained. At the scene of the accident, the defendant told the police officer that he was to blame for the collision, because he understood that in a rear-end collision the vehicle in the rear is to blame. The decedent was not in fact injured, and there was no causal connection between the collision and the subsequent death.

Error is assigned in seventeen paragraphs of the charge as given and in the failure of the charge to cover four other matters. No requests to charge appear in the printed record. At the conclusion of the charge, exceptions were taken to the court's instructions concerning "pure accident," the special defense of contributory negligence and proximate cause. The last issue is not pursued in the plaintiff's brief and is therefore treated as abandoned. *Donch* v. *Kardos,* 149 Conn. 196, 199, 177 A.2d 801; *State* v. *Ferraiuolo,* 145 Conn. 458, 459, 144 A.2d 41. The claimed omissions in the charge did not concern the subject matter of any requests to charge and did not form the basis of an exception following the charge. Other exceptions which were taken are not pursued on appeal and do not relate to aspects of the charge which the appeal does purport to attack. Consequently, we do not consider these exceptions. Practice Book § 153; *Martyn* v. *Donlin,* 148 Conn. 27, 31, 166 A.2d 856; *Kowal* v. *Archibald,* 148 Conn. 125, 128, 167 A.2d 859.

We examine the portions of the charge to which exceptions were taken, so far as they are pursued in the plaintiff's brief, in the light of the claims of proof advanced by the parties as set forth in the finding. *Kowal* v. *Archibald,* supra, 129.

The claimed error in the charge as to "pure accident" has reference to a clause at the end of one sentence in which the court said that "the law recognizes that some automobile collisions can be due to pure accident, for which neither party is at fault." The quoted language appears at the conclusion of a general introductory statement of the legal and factual basis on which the law permits a recovery of damages in negligence cases. From this statement, the charge progressed to a detailed exposition, to which no objection is made. A charge is to be considered in its entirety, rather than by an examination of a phrase culled from context. *Megin* v. *Carney,* 148 Conn. 130, 133, 167 A.2d 855. The plaintiff's exception, taken at the conclusion of the charge, that there was no evidence from which the jury reasonably could conclude that the collision was an unavoidable accident is without merit. The clause, taken in context, was but a general observation, obviously designed as the starting point for a discussion of the basis of recovery in negligence cases, and was followed by an explicit definition of the law applicable to the present case. The jury could not have been misled. *Seney* v. *Trowbridge,* 127 Conn. 284, 289, 16 A.2d 573.

The plaintiff assigns error in the charge on contributory negligence. The special defense alleged that the plaintiff's decedent "stopped his vehicle suddenly and without warning when it was not reasonably safe to do so." The plaintiff complains that this issue was not in the case, because the jury

could not conclude either that there was a sudden stop or that it was without warning. Both parties claimed that the decedent stopped. The special defense raised the issue whether the stop was sudden and whether it was without warning. The defendant claimed that the decedent stopped so quickly that the defendant did not have time to sound his horn. The plaintiff made no claim that the decedent gave any signal of his intention to stop. The defendant claimed that he was keeping a proper lookout and was watching the decedent's vehicle as he followed it toward the light and that he saw no signal given. On those claims of proof, the court properly submitted the contributory negligence issue to the jury.

The plaintiff also assigns error in the court's failure to admit in evidence a written statement made out of court by the defendant. When asked by the court the purpose of the offer, the plaintiff's counsel stated only that "the purpose is on the grounds of admission, your Honor." On further inquiry by the court, counsel claimed that part of the statement was inconsistent with the defendant's testimony. After examining the statement, the court excluded it, ruling that the defendant had, on cross-examination, admitted the matter claimed to be material in the statement. The record indicates that the ruling could not have harmed the plaintiff. *Guhring* v. *Gumpper,* 117 Conn. 548, 552, 169 A. 189.

A claim of error in another evidential ruling is not pursued in the plaintiff's brief and is therefore treated as abandoned. *Donch* v. *Kardos,* 149 Conn. 196, 199, 177 A.2d 801.

There is no error.

In this opinion the other judges concurred.