HENRY CLEMENTS *v.* HYMAN GOODKOFSKY

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 5—decided November 9, 1965

*Thomas F. Keyes, Jr.,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellant (defendant).

*John J. McNamara,* for the appellee (plaintiff).

SHANNON, J. The jury could have reasonably found the following facts: On July 26, 1956, about 6:00 p.m. the plaintiff was the owner of a car which he was driving easterly on the Boston Post Road, a public highway in the town of Milford, approaching Kramer's Cabins, a motel on the northerly and opposite side of the highway. When he reached a point opposite the driveway leading to the motel, he pulled off the road and waited on its southerly shoulder, facing east, until traffic had passed. It was daylight and visibility was good. The defendant was proceeding in a westerly direction in his right-hand lane on the northerly side of the highway. The plaintiff proceeded to cross the highway to the motel, at the entrance to which his car was struck by the defendant's car and damaged.

The plaintiff's only allegation of statutory negligence was that the defendant failed to have brakes adequate and sufficient to bring his car to a halt, that is, that he operated his car with inadequate or defective brakes. The court charged the jury that the operation of an automobile with defective brakes constituted statutory negligence and was

negligence as a matter of law. The defendant excepted to this portion of the charge on the ground that there was no evidence from which the jury could find that the defendant violated the statutory provisions concerning brakes. The exception was well taken since there is no claim of proof in the finding that the defendant was operating his motor vehicle with defective brakes.

It is the duty of the court to submit to the jury no issue foreign to the facts in evidence. *Fleischer* v. *Kregelstein,* 150 Conn. 158, 160, 187 A.2d 241; *Miles* v. *Sherman,* 116 Conn. 678, 682, 166 A. 250.

As a new trial is required, there is no need to discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.