FRANK GULIA, ADMINISTRATOR (ESTATE OF STEPHEN A. GULIA), ET AL. *v.* FRANK ORTOWSKI

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued December 6, 1967—decided January 16, 1968

*Irwin E. Friedman,* with whom, on the brief, were *Arthur Levy, Jr.,* and *Arthur D. Friedman,* for the appellants (plaintiffs).

*John J. Hunt,* with whom was *Samuel Engelman,* for the appellee (defendant).

COVELLO, J. Frank Gulia brought this action as administrator of the estate of Stephen A. Gulia to recover damages for the death of his decedent which resulted from a collision between an automobile operated by the defendant, Frank Ortowski, and a motorcycle operated by the decedent and individually to recover damages for injury to the motorcycle, which he owned. This case was tried together with an action in which Ortowski sought to recover damages from the estate of the decedent for personal injuries sustained by him in the same collision. The jury returned a defendant's verdict in each case.

Only the plaintiffs in the present case have appealed, and for the sake of simplicity Gulia and Ortowski will hereinafter be referred to as the plaintiff and the defendant, respectively.

In the trial of the case, the plaintiff offered evidence to prove, and claimed to have proved, the following facts: Nichols Avenue is a main thoroughfare which runs in a general north and south direction in the town of Stratford and is forty feet wide. Greenfield Avenue, which is twenty-eight feet wide,

runs generally east and west and intersects Nichols Avenue. At the southwest corner of the intersection, there is a stop sign requiring traffic on Greenfield Avenue to come to a stop before entering Nichols Avenue. The westerly portion of Greenfield Avenue intersects Nichols Avenue at a point somewhat to the south of the point at which the easterly portion of Greenfield Avenue intersects Nichols Avenue. Thus, a motorist proceeding easterly on Greenfield Avenue who intends to cross Nichols Avenue and then continue on Greenfield Avenue must make a ninety-degree left turn onto Nichols Avenue and then a ninety-degree right turn to continue easterly on Greenfield Avenue. On August 18, 1963, at about 5:30 p.m., the defendant was driving his automobile in an easterly direction on Greenfield Avenue. At about that time the plaintiff's decedent was driving a motorcycle in a southerly direction on Nichols Avenue and was approaching the intersection of Greenfield Avenue. When the defendant reached the intersection of Nichols Avenue and Greenfield Avenue, he brought his car to a stop. He then proceeded to cross Nichols Avenue, intending to continue easterly on Greenfield Avenue, and while so doing collided with the motorcycle which the plaintiff's decedent was driving. At the time of the impact between the decedent's motorcycle and the defendant's car, the defendant's car was straddling the middle line of Greenfield Avenue and was facing in a generally northeasterly direction. The defendant's vehicle was seventeen feet long, and at the time of impact at least ten feet of it was still in the southbound lane of Nichols Avenue. The damage to the defendant's vehicle was on the front left side, and the damage to the motorcycle was to the front wheel.

Prior to the moment of impact the decedent's motorcycle was making a low sound, indicating moderate speed, but after the impact the throttle opened resulting in a much louder noise. Following the collision, the defendant stated to the investigating officer that he observed the decedent's motorcycle before he started to cross Nichols Avenue.

The defendant offered evidence to prove, and claimed to have proved, the following facts: When the defendant arrived at the intersection of Greenfield Avenue and Nichols Avenue, he brought his car to a full stop and looked in both directions along Nichols Avenue. He then proceeded to cross Nichols Avenue and had passed the center line of Nichols Avenue before he saw the decedent's motorcycle. When he first saw the motorcycle it was approximately 200 feet away. He stopped his car to permit the motorcycle to pass. The front wheel of the motorcycle struck the left front portion of the defendant's car, which was over the center line of the northbound lane. The plaintiff's decedent died as a result of the collision about two hours after it occurred. A blood sample taken from the decedent's body at about 8 p.m., approximately one-half hour after his death, was found to have an alcohol concentration of .02 percent by weight.

The plaintiff assigns as errors (1) the charge to the jury, (2) the failure of the court to charge as requested, (3) the admission of the testimony of Dr. Saul M. Feldman, and (4) the denial of the plaintiff's motion to set aside the verdict.

The record does not contain any written request to charge. Consequently, we consider on appeal only the exceptions which were taken to the charge as given. Practice Book §§ 249, 251, 252; State v. Mallette, 153 Conn. 584, 587, 219 A.2d 447.

When the court concluded its charge on the specifications of contributory negligence in each of the two cases, it inquired of counsel whether it had failed to charge on any specification of negligence or contributory negligence. Thereupon the plaintiff's attorney sought a charge on the presumption of freedom from contributory negligence. Whereupon the court stated: "I have talked about presumption." Upon counsel's persistence, the court charged as follows: "In any action to recover damages for negligence causing the death of a person, it shall presume that such person whose death was caused was at the commission of the alleged negligent act in the exercise of reasonable care. In other words, it is presumed that the decedent was in the exercise of reasonable care when he was operating that motorcycle. On the other hand, that presumption can be met by evidence produced here to overcome that presumption. And, at the same time, of course, we have that statute which says that, in reference to contributory negligence, the plaintiff is supposed to be in the exercise of due care subject to being overcome by evidence from the other side."

At the conclusion of this charge, the plaintiff excepted on the grounds that (1) the administrator, in his action against the defendant, was entitled to a presumption that his decedent was in the exercise of reasonable care at the time of the collision, that the defendant was not entitled to the benefit of a similar presumption in his action against the administrator, and that the court had failed to state that distinction; and (2) the court had failed to define the presumption.

Section 52-114 of the General Statutes provides: "In any action to recover damages for negligently

causing the death of a person, or for negligently causing personal injury . . . , it shall be presumed that such person whose death was caused or who was injured . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants. . . ." It is clear that the presumption of freedom from contributory negligence provided by the statute is the same whether it involves an action to recover damages for personal injuries sustained as the result of the negligence of another or whether it is an action to recover damages for negligently causing the death of another. Obviously, the plaintiff's exception was not well taken. Indeed, it would have been error for the court to have charged in accordance with the plaintiff's first ground of exception.

The plaintiff further claims that the court failed to define the presumption created by the statute in favor of the plaintiff. In *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 590, 53 A.2d 296, we pointed out that, in charging the jury, "every purpose of the statute is served if, in a case where it applies, the court does not read it to the jury but merely charges them that the burden of proving contributory negligence is upon the defendant and that, if the defendant offers no evidence upon that issue or if the evidence he does offer fails to prove that the plaintiff was negligent by a fair preponderance of the evidence, the plaintiff is entitled to prevail upon the issue."

It is true that the charge given in response to the oral request did not meet this test. In view of the

statement of the trial court at the time that the oral request was made that it had previously charged on presumption and in view of the absence of any such instruction in the printed excerpts of the charge, we have been prompted to consult the transcript to supply the material to which the court referred. See Practice Book § 721. There we find that the court charged as follows: "Now, a plaintiff does not have to prove himself free from contributory negligence. We have a statute in the State which presumes that each plaintiff was free from contributory negligence. And that presumption operates in favor of each until such time as a defendant has satisfied you by a fair preponderance of the evidence that he was guilty of some act of contributory negligence which was a proximate cause of the injuries." For some inexplicable reason, this pertinent and significant portion of the charge was omitted from the charge as printed in the record although the preceding and following paragraphs were included. This portion of the charge adequately defined the force and effect of the presumption. A charge must be read in its entirety and is to be considered from the standpoint of its effect on the jury in guiding them to a correct verdict. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 426, 216 A.2d 818. The fact that the court did not repeat the effect of the presumption in its response to the plaintiff's oral request to charge does not constitute error.

The plaintiff also assigns error in a ruling on evidence. In his special defense, the defendant alleged that the decedent was negligent in that he was not in full possession of his faculties and his driving ability was impaired. The defendant called Dr. Saul M. Feldman as a witness and asked him a

hypothetical question predicated on a finding by the department of health that there was an alcohol concentration of .02 percent by weight in the blood of the decedent. The doctor was asked whether he could, with reasonable medical certainty, express an opinion as to the effect which the presence of that percentage of blood alcohol would have on the driving ability of the decedent. The question was objected to on the ground that it did not include all of the facts. The court admitted the question, and an exception was taken. A hypothetical question is not required to include all of the pertinent facts in evidence. *Donch* v. *Kardos,* 149 Conn. 196, 201, 177 A.2d 801. It is within the discretion of the trial court to determine whether the hypothetical question was so lacking in the essential facts as to be without value in the decision of the case. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918. We cannot say that the court abused its discretion in allowing the question. The doctor then answered that alcohol in any form will release one's inhibitions. The plaintiff objected to the answer, stating that he did not think that the question called for that kind of an answer. Thereupon the court directed the reporter to read the question, which was done. The doctor was then asked to tell what his opinion was. The plaintiff objected on the grounds that the witness did not qualify as an expert, that the question was indefinite and did not contain all the facts, and that the doctor did not know the size, age, character, constitution and physical makeup of the person involved. The court overruled the objection, and the plaintiff took an exception. The record does not disclose that an answer was given to the question. Under these circumstances, no error can be predicated on the

ruling admitting the question. *Morrone* v. *Jose,*
153 Conn. 275, 277, 216 A.2d 196.

The plaintiff argues that the court committed
error in admitting evidence of intoxication on the
ground that the issue of intoxication was not in the
case. As previously pointed out, the special defense
of the defendant alleged that the decedent was not
in full possession of his faculties and his driving
ability was impaired. This allegation is sufficiently
broad to permit evidence of the effect of the
presence of alcohol in the bloodstream on the driv-
ing ability of the decedent.

The remaining assignment of error requires no
further discussion.

There is no error.

In this opinion the other judges concurred.