HELEN DINDA ET AL. *v.* HENRI SIROIS ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

· Argued December 5, 1973—decision released February 26, 1974

*William F. Gallagher,* with whom, on the brief, was *Cyril Cole,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom, on the brief, was *Robert E. Walsh,* for the appellees (defendants).

BOGDANSKI, J. This case arose out of a collision of two automobiles at the intersection of Stanley and Dwight Streets in New Britain, Connecticut. Two of the plaintiffs, Helen Dinda and Mary Richards, were passengers in an automobile driven south on Stanley Street by the third plaintiff, Frank Dinda. As the Dinda vehicle made a left turn into Dwight Street, it collided with a vehicle proceeding north on Stanley Street. This vehicle was owned by the defendants Henri Sirois and Ferdinand Sirois, or one of them, and was operated by the defendant Shanel Lavoie, Jr. The plaintiffs, each in a separate count, brought an action against the defendants to recover damages for personal injuries and property damage resulting from the collision. The jury returned a verdict for the defendants on each of the three counts and the plaintiffs have appealed to this court from the judgment rendered.

The plaintiffs press two assignments of error: (1) that the trial court erred in charging the jury on the doctrine of unavoidable accident, and (2) that the trial court erred in failing to charge that the negligence of the plaintiff operator, Frank Dinda, was not to be imputed to the plaintiff passengers.

Claims of error addressed to the charge are tested by the claims of proof as they appear in the finding. Practice Book §§ 609, 635; *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 451, 254 A.2d 907. The plaintiffs claimed to have proved that the plain-

tiff driver Frank Dinda signaled his intention to turn left approximately 150 to 200 feet before the intersection; that when he made the turn the defendants' vehicle was 300 feet away, and that the defendants' vehicle was traveling at an excessively fast speed. The defendants claimed to have proved that the plaintiffs' vehicle failed to signal a left turn, that Frank Dinda turned into Dwight Street when the defendants' vehicle was only a car's length away, and that the defendants' vehicle approached the intersection at a reasonable speed.

On those claims of proof, the task confronting the jury was clear. The jury had to determine whether the plaintiffs had proved that the collision was caused by the negligence of the defendant Lavoie or the defendants had proved that it was caused by the negligence of the plaintiff, Frank Dinda, or that the collision was caused by the negligence of both operators. On the evidence presented, no other causes could have been found. If the jury found that Lavoie was negligent and that his negligence was a proximate cause of the collision and the injuries and damage that followed, they were then required to find the defendants liable to the plaintiff passengers. If the jury also found that Frank Dinda was not negligent, or that any negligence on his part was not a proximate cause of the collision, they were required to find the defendants liable to him as well. But if the jury found that Frank Dinda was contributorily negligent, they were not permitted to impute his negligence to the other plaintiffs, who would still recover damages if they sustained their burden of proof against the defendants. *Silverman* v. *Silverman,* 145 Conn. 663, 668, 145 A.2d 826; *Sullivan* v. *Krivitsky,* 100 Conn. 508, 510, 123 A. 847. Since the plaintiff passengers did not

sue the plaintiff Frank Dinda, if the jury found that he alone was negligent, the plaintiff passengers could not recover.

The court instructed the jury on burden of proof, negligence, causation, and contributory negligence. The plaintiffs did not request a charge that Frank Dinda's contributory negligence, if any, could not be imputed to the other plaintiffs, and the court did not so charge. At the request of the defendants, the trial court charged the jury on the doctrine of unavoidable accident, as follows: "[I]f the accident would have happened even though the defendant was not negligent, his negligence or their negligence cannot be held to be a cause of the accident. The law calls such an accident an unavoidable accident. It is such an accident that could not have been prevented by the exercise of reasonable care. If you should believe from the facts as you find them that the accident which we are concerned with was of such a character, then the plaintiff, Helen Dinda, would not be entitled to recover from the defendants." Without explanation, the court charged on unavoidable accident in dealing with the claims of the plaintiff passengers only, and not when it dealt with the claim of the plaintiff operator. Moreover, the court did not relate this portion of its charge to the evidence or the pleadings.

The plaintiffs took timely exception to the charge on the ground that on the facts of the case the jury could not find that the accident was unavoidable. This court has recently cautioned that the unavoidable accident charge is not to be given in every case in which the defendants deny negligence. "Instructions concerning unavoidable accident should usually be given only when the record can support a

finding that the negligence of neither party is involved. When a foundation has been established for the charge it is within the sound discretion of the trial judge to determine whether a charge should be given on the subject of unavoidable accident." *Robinson* v. *Faulkner,* 163 Conn. 365, 370, 306 A.2d 857. We have also said that the refusal to charge on unavoidable accident would not be error if the trial court gave adequate instructions on negligence, proximate cause and burden of proof. *Robinson* v. *Faulkner,* supra.

The reasons for our disapproval of the unavoidable accident charge have been well expressed in decisions of the Supreme Courts of California and Oregon. In *Butigan* v. *Yellow Cab Co.,* 49 Cal. 2d 652, 658, 659, 660, 320 P.2d 500, the California court said: "In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect. The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. . . . Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose. . . . [I]t is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of

the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding."

Similarly, the Supreme Court of Oregon has called the unavoidable accident doctrine an "anomaly" and observed: "In practical effect, when included in the charge of the court to the jury, it is lagniappe to the defendant—not only because it is an added 'you-should-find-for-the-defendant' type of instruction, but because it may be misunderstood by the jury as constituting some sort of separate defense. By its very nature it has led this court—and we apprehend other courts—to regard the refusal to give the instruction as no ground for reversal, to attempt to delimit the type of cases to which it is applicable, to declare that even in those cases it is discretionary with the trial judge and to admonish caution in the use of the instruction." *Fenton* v. *Aleshire,* 238 Ore. 24, 34, 393 P.2d 217; see also Rees, "Unavoidable Accident—a Misunderstood Concept," 5 Ariz. L. Rev. 225, 226–28, 247; 13 Blashfield, Automobile Law and Practice (3d Ed.) § 463.8; cases cited in footnote.[1]

---

[1] See, e.g., *Herdt* v. *Darbin,* 126 Colo. 355, 249 P.2d 822; *McClarren* v. *Buck,* 343 Mich. 300, 72 N.W.2d 31; *Hodgson* v. *Pohl,* 9 N.J. 488, 89 A.2d 24; *Mawyer* v. *Thomas,* 199 Va. 897, 103 S.E.2d 217; see, generally, Annot., 65 A.L.R.2d 12.

In the present case, the finding discloses that no foundation for the unavoidable accident charge was established. The collision was caused either by the negligence of the defendant operator, or of the plaintiff operator, or of both acting concurrently. No other cause was claimed or suggested. The defendants were not entitled to any overemphasis of their case in the charge. "It is the duty of the court to submit to the jury no issue foreign to the facts in evidence." *Clements* v. *Goodkofsky,* 153 Conn. 125, 127, 214 A.2d 680. The trial court should not have charged the jury on the doctrine of unavoidable accident. *Robinson* v. *Faulkner,* supra.

To require reversal, error in a charge must be prejudicial. "A charge must be read in its entirety and is to be considered from the standpoint of its effect on the jury in guiding them to a correct verdict." *Gulia* v. *Ortowski,* 156 Conn. 40, 47, 238 A.2d 396. For that reason, in cases in which the court gave a comprehensive and proper charge but added a single sentence or phrase referring casually to the possibility of unavoidable accident, without more, we have held that the jury could not have been misled. *Fishman* v. *Scarpa,* 149 Conn. 531, 536, 182 A.2d 410; *Seney* v. *Trowbridge,* 127 Conn. 284, 289, 16 A.2d 573. In this case, however, taking the charge as a whole in light of the issues actually presented, the likelihood of prejudice was substantial. The trial court elaborated on the unavoidable accident doctrine in its charge and also failed to warn the jury not to impute any contributory negligence of Frank Dinda to the other plaintiffs. Faced with the complex instructions given by the court, the jury may well have tried to apply the deceptively simple unavoidable accident doctrine, believing it to be "some sort of separate defense." *Fenton* v.

*Aleshire,* supra. Moreover, in their resulting mis-understanding, the jury may have charged the plaintiff passengers with their driver's contributory negligence, if any. In its charge the trial court did not specifically attempt to avert that possibility. In *Miller* v. *Porter,* 156 Conn. 466, 469–70, 242 A.2d 744, the trial judge committed prejudicial error by charging the jury on the analogous doctrine of sudden emergency without an adequate basis in the claims of proof. The charge on unavoidable accident in the present case was likewise "calculated to prejudice the rights of the plaintiffs and was harmful." *Miller* v. *Porter,* supra, 470.

The general verdict rule does not cure the error. When two or more separate and distinct defenses, such as denial of negligence and contributory negligence, are present in a case, an error in the charge as to one normally cannot upset a general verdict if the jury were properly charged as to the remaining defenses. *Kelly* v. *Bliss,* 160 Conn. 128, 132, 273 A.2d 873. Here, however, the only defense to the claim of the plaintiff passengers was a denial of negligence, and the court improperly instructed the jury on that defense by including the defense of unavoidable accident. Such a prejudicial instruction cannot be cured by the rendition of a general verdict. *Kostiuk* v. *Queally,* 159 Conn. 91, 95, 267 A.2d 452.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.