### STEVEN J. MANLEY v. JULIUS KESZLER
### (3274)

DUPONT, C.P.J., BORDEN and DALY, Js.

---

Argued May 8—decision released July 9, 1985

*Frank J. Dumark,* with whom was *John H. Lindsay,* for the appellant (plaintiff).

*Ronald D. Williams,* with whom, on the brief, was *Thomas W. Witherington,* for the appellee (defendant).

BORDEN, J. This negligence action was brought to recover damages for the plaintiff's injuries after he was struck by the defendant's car. The defendant, by way of a special defense, claimed that the plaintiff was contributorily negligent. The plaintiff denied the special defense.

Prior to trial, the defendant requested leave to amend his special defense to add the claims that the plaintiff was driving while intoxicated in violation of General Statutes § 14-227a at the time of the accident and that the plaintiff "failed to make proper use of his senses and faculties" at the time of the accident. The plaintiff objected to that portion of the proposed amendment which alleged that the plaintiff was driving while intoxicated. The court, *Mancini, J.,* agreed and sustained the plaintiff's objection as to that portion of the amendment. The remaining allegation was permitted.

Thereafter, the plaintiff filed a motion in limine to exclude from evidence a hospital record which contained results of a blood test indicating the plaintiff's blood alcohol level shortly after the accident. The motion was denied by the court, *Celotto, J.*, without prejudice to being renewed at the time such evidence was offered. At trial, the challenged hospital record was offered into evidence. The plaintiff objected to the offer and renewed his motion in limine. The court overruled the plaintiff's objection and motion and admitted the hospital record into evidence.

The jury returned a verdict for the defendant. The plaintiff appeals, claiming that the trial court erred in admitting the hospital record in light of Judge Mancini's prior ruling disallowing the amendment to the special defense which alleged that the plaintiff was driving while intoxicated. We find no error.

The plaintiff relies on the doctrine of the law of the case. He argues that the earlier ruling by Judge Mancini prohibiting the claim of driving while intoxicated mandated that no evidence of intoxication be admitted at the trial. The plaintiff, however, seems to disregard the entirety of that ruling. The ruling not only disallowed the claim of intoxication, but allowed the claim that the plaintiff failed to use his senses and faculties properly.

The addition of this second claim to the special defense was enough to permit evidence at the trial of the presence of alcohol in the defendant's bloodstream regardless of the court's ruling on the first claim. Evidence of alcohol in the bloodstream may be used to show that the plaintiff's faculties were impaired. *Gulia* v. *Ortowski,* 156 Conn. 40, 49, 238 A.2d 396 (1968). Additionally, evidence of the effect of alcohol is relevant to show lack of control, an allegation contained in the original answer and special defense. The law of the case

did not, therefore, require exclusion of all evidence of alcohol in the bloodstream, and the court did not abuse its discretion in admitting such evidence.

There is no error.

In this opinion the other judges concurred.