[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
With respect to the third special defense, the court cannot determine as a matter of law from the complaint and the special defense that the plaintiff's claim is not time-barred by General Statutes § 52-584, specifically that there was a continuing course of conduct as the plaintiff claims. "When a single special defense is subjected to a motion to strike, only the facts alleged by that special defense are accepted as true." Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 77,504 A.2d 1376, cert. denied, 199 Conn. 807, 508 A.2d 769 (1986).
The fourth special defense, claiming an "act of God", is analogous to, if not the functional equivalent of, unavoidable accident. A charge of unavoidable accident is jurisprudentially in extremis and has been repeatedly discountenanced by our appellate courts in each of the last three decades. See Tomczuk v. Alvarez, 184 Conn. 182, 190-191, 439 A.2d 935 (1981); Dinda v. Sirois, 166 Conn. 68, 72-73, 347 A.2d 75 (1974); Barrese v. DeFillippo, 45 Conn. App. 102, 108-109, ___ A.2d ___ (1997); Griffin v. Muzio, 10 Conn. App. 90, 92, 521 A.2d 607 (1987).
The plaintiff's motion to strike the third special defense is denied. The plaintiff's motion to strike the fourth special defense is granted.
BY THE COURT
Bruce L. Levin, Judge of the Superior Court