[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTIONS TO STRIKE (FILE #121 AND #122)
This action arises out of a motor vehicle accident which occurred on December 16, 1996, in which the plaintiff, Margaret M. Treimann, (Margaret), was the driver of a vehicle, and the co-plaintiff, Donald W. Treimann, (Donald), was her passenger. The plaintiffs allege that the accident occurred due to the negligence of the defendants, Chadderton and Duncan, operators of other vehicles. On October 23, 1997, the plaintiffs filed a revised eight count complaint alleging negligence and claims of loss of consortium. The defendants, Duncan and Chadderton, filed answers alleging special defenses of contributory negligence. On February 10, 1998, the plaintiff-husband, Donald, filed motions to strike the defendants' special defenses as to counts five and six, his allegations of negligence, and as to counts seven and eight, Margaret's loss of consortium claims.[1] A hearing on the motions to strike was conducted on April 27, 1998.
 I.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 384, 650 A.2d 153 (1994). A motion to strike is the proper method to contest the legal sufficiency of a special defense to a cause of action. Bouchard v. People's Bank,219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991); Krasnow v.Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850 (1985); practice Book § 152(5), now practice Book (1998 Rev.) §10-39 (a)(5). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Basswood, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); see practice Book § 164, now practice Book (1998 Rev.) § 10-50. When ruling on a motion to strike a special defense, the court is obligated "to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "If facts provable under the allegations would support a defense(s), or a cause of action, the motion to strike CT Page 9224 must be denied." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384.
 II. a. The negligence counts
The plaintiffs argue in support of their motion to strike the special defense as to counts five and six, Donald's allegations of negligence, that as the passenger in the vehicle, Donald exercised no control over the operation of the vehicle, and, therefore, cannot have been negligent with respect to this accident. They point out that the defendants have failed to allege specific acts of negligence by Donald. The plaintiffs argue that any negligence on the part of the operator of the vehicle cannot be imputed to Donald as a passenger. Because Donald is not subject to any specific allegations of negligent conduct, the plaintiffs contend that the defense of comparative negligence under General Statutes § 52-572h is inapplicable and should be stricken.
"The negligence of the operator of an automobile cannot ordinarily be imputed to one who is a passenger in it." Silvermanv. Silverman, 145 Conn. 663, 668, 145 A.2d 826 (1958); see Dindav. Sirois, 166 Conn. 68, 70, 347 A.2d 75 (1974). "[T]he alleged contributory negligence of a passenger [however] is relevant in considering whether to bar his recovery" where negligent conduct by the passenger is alleged. Caciopoli v. Acampora,30 Conn. App. 327, 332, 620 A.2d 191 (1993); see also Paproski v. Bennett, Superior Court, judicial district of Danbury, Docket No. 302173 (Jul. 9, 1992, Fuller, J.) (7 CONN. L. RPTR. 45, 46) (negligence may be imputed where the passenger was involved in the operation of the vehicle or in control of the operator's conduct).
In the present case, the defendants do not allege any specific acts of negligence on the part of Donald. Rather, the allegations of Duncan's special defense refer generally to both plaintiffs, and the facts alleged refer only to actions of operating the vehicle, necessarily performed by the driver of the vehicle and not the passenger. Chadderton, in his special defense, alleges negligent acts by the driver, Margaret, only. The defendants make no claims of specific acts of negligent conduct by the passenger, Donald, nor do they allege that Donald had any control over the operation of the vehicle. Thus, the defendants' special defenses of contributory negligence as to CT Page 9225 counts five and six are legally insufficient.
 b. The consortium counts
The plaintiffs argue that Margaret's loss of consortium claims, counts seven and eight, are derivative of Donald's negligence claims, and, therefore, subject only to whatever defenses are legally assertable with respect to those negligence claims. Specifically, they argue that because the defense of contributory negligence is not applicable to Donald's claims of negligence, that defense is not applicable to Margaret's derivative loss of consortium claim. Therefore, the special defense as to the loss of consortium claim should be stricken. They argue that Margaret's loss of consortium claim is not barred even if a degree of negligence greater than fifty percent is apportioned to her. Instead, the defendants' liability should be reduced by the amount of her proportionate share of the damages.
The defendants contend that the asserted defense of comparative negligence merely seeks an apportionment of liability attributable to Margaret, the plaintiff-driver, in accordance with General Statutes § 52-572h. They maintain that, pursuant to practice Book § 167, now practice Book (1998 Rev.) §10-53, a defense of comparative negligence is mandatory as the proper method to seek apportionment among the parties, and that a finding of negligence by Margaret greater than fifty percent may bar her loss of consortium claim completely.
The consortium claim presents two issues: whether the special defense of contributory negligence is proper and applicable to Margaret's loss of consortium claim, and, whether the claim is barred if Margaret is found comparatively negligent for more than fifty percent of her damages. The court, inChampagne v. Raybestos-Manhattan. Inc., 212 Conn. 509,562 A.2d 1100 (1989), "acknowledged that a claim for a loss of consortium constitutes a viable cause of action on behalf of the spouse whose marital partner has been injured or killed . . . while there are, thus, two causes of action, we have said that a cause of action for the loss of consortium is derivative of the injured spouse's cause of action. . . . But although it is derivative, it is still a separate cause of action, dependent for its assertion on the legal viability of the cause of action in the injured party . . . Its nature, while no bar to its status as a separate cause of action . . . is such that it is not truly independent, but rather derivative and inextricably attached to the claim of CT Page 9226 the injured spouse." (Citations omitted; internal quotation marks omitted.) Id., 563-64. The loss of consortium claim is reduced proportionately by the percentage of comparative responsibility attributable to the injured spouse. Id., 564. The comparative negligence of the claimant is not relevant and is not a bar to recovery of damages. Paproski v. Bennett, supra, 7 CONN. L. RPTR. 45. Therefore, because this claim is derivative of Donald's negligence claim, the negligence of Margaret would not pertain, and the special defense is not sustainable as a bar to her recovery.
This conclusion does not mean, however, that Margaret's alleged negligence, if proved, would have no effect on her recovery because the claims are governed by General Statutes § 52-572h. Pursuant to General Statutes § 52-572h (c),[2]
comparative negligence principles apply. Lukas v. NewHaven, 184 Conn. 205, 212, 439 A.2d 939 (1981). "General Statutes § 52-572h allows the defendant to allege the negligence of other parties to the action — either original or impleaded parties for the purpose of apportioning liability in negligence actions." Valle v. Andrews, Superior Court, judicial, district of Hartford/New Britain at Hartford, Docket No. 552111 (September 23, 1996) (W.P. Sullivan, J.). Margaret is a party to the action, so her negligence will be considered for apportionment purposes. Alleged specific acts of negligence by Margaret, if proved, would proportionately lessen the liability of the defendants on Donald's claims and the consortium claim derived from it. Thus, even if Margaret's degree of negligence is determined to be greater than fifty percent, her consortium claim will not be barred completely, though her claims based on her own injuries would be. It would seem that Margaret may recover on her consortium claim, which is derivative of Donald's negligence claim, the percentage of her damages proximately caused by the negligence of the defendants.
 III.
Based on the above, the contributory negligence of Margaret is not a defense to Donald's claims under counts five and six (negligence). Contributory negligence is not a valid defense to counts seven and eight (loss of consortium by Margaret), since those claims derive from Donald's injuries. The plaintiffs' motion(s) to strike the special defense as to counts five, six, seven, and eight are granted.[3]
CT Page 9227
Mulcahy, J.