154 So. 1

STATE ex rel. HARTMANN et ux. v. HART-
MANN.

No. 32050.

Feb. 26, 1934.

Waverly A. Henning, of New Orleans, for appellants.

Robert E. O'Connor, of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is a habeas corpus proceeding, by which the parents of a girl, ten years of age, are asking to have the child returned to them by her paternal aunt. The child was given into the care of the aunt by the parents, informally, when the child was only four months of age, and has been properly cared for by the aunt ever since. The reason why the parents gave the child to the aunt was that the child's mother was afflicted with an infirmity which caused her shoulder to become dislocated, frequently, and without violence or apparent cause. Another result of the infirmity was that the mother was extremely nervous, and had violent spells of hysteria whenever her shoulder became dislocated. She underwent a surgical operation at a hospital, but the surgeons could not discover the cause of the trouble, or cure it. Her condition was much improved at the time of the trial of the case; but the judge, evidently, did not consider her physically able to take care of the child. She also was physically unsound, having been afflicted with what the doctors termed a heart murmur. Her condition also was much improved, if in fact she was not entirely relieved of the heart murmur, at the time of the trial. But she was very nervous, and unwilling and afraid to return to her parents. For these reasons, the judge refused to compel the aunt to give up to the parents the care of the child. Having heard the witnesses, and having seen the condition of the mother and child, the judge was in a better position than we are to determine whether it was safe to return the child to her parents. More than

a year has elapsed since the case was tried; and it may be that the condition of the mother and child is such now that the child should be returned to the mother. The parents are, undoubtedly, entitled to have the care and guardianship of the child when the mother is able to care for the child, and when it will not endanger the health of the child to be with the mother. The aunt is encouraging the child to visit the parents, and to have an affection for them. The facts disclosed by the record do not justify our interfering at this time with such a serious and delicate situation.

The judgment is affirmed.

ST. PAUL, J., absent.