WILLIAM C. TOMLIN *v.* PERSONNEL APPEAL BOARD
OF THE STATE OF CONNECTICUT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued February 7—decision released April 17, 1979

*Harold J. Geragosian,* for the appellant (plaintiff).

*Christina G. Dunnell,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellee (defendant).

BOGDANSKI, J. In 1963, the plaintiff was appointed to the state welfare department as a special investigator. In July of 1974, he was placed on leave of absence pending an investigation and on August 8, 1974, he was dismissed from his position by the deputy commissioner of the department on the ground of offensive conduct towards his superiors. The plaintiff appealed his dismissal to the defendant, Connecticut personnel appeal board, which affirmed the discharge. He then appealed to the Court of Common Pleas which, in turn, affirmed the action of the appeal board. From that judgment the plaintiff has appealed to this court.

The incident leading to the plaintiff's dismissal involved a statement which he made to his superiors, Anthony DiNallo and Vincent Capuano, to the effect that he had secreted a tape recorder in their offices and taped certain of their conversations. When questioned by his superiors about this matter, the plaintiff stated that he considered the tapes as "insurance" to secure a transfer which he desired. When asked to produce the tapes, he submitted a written statement that upon advice of counsel, he was refusing to confirm or deny the existence of such tapes. He did, however, state that if he had made the tapes, they would serve as corroboration of his conversations with his superiors, both of whom he said he distrusted. Thereafter, during an investigation by the state police, the plaintiff denied the existence of the tapes. During the investigation, the plaintiff phoned one of his superiors and threatened him. At the hearing before the personnel appeal board, the plaintiff denied that he had, in fact, made any tapes but admitted telling his superiors that he had made tapes of his conversations with them.

As his first claim of error, the plaintiff argues that under § 4-8 (a) and § 5-240 (c)[1] of the General Statutes, a deputy commissioner is without authority to dismiss an employee and that his dismissal by

[1] "[General Statutes] Sec. 4-8. QUALIFICATIONS, POWERS AND DUTIES OF DEPARTMENT HEADS. . . . Each department head may appoint (a) a deputy who shall serve at the pleasure of the governor but no longer than four years, and who shall, in the absence or disqualification of the department head or on his death, exercise the powers and duties of the department head until he resumes his duties or the vacancy is filled . . . ."

"[General Statutes] Sec. 5-240. REPRIMAND, SUSPENSION, DEMOTION, DISMISSAL. . . . (c) An appointing authority may dismiss any employee in the classified service when he considers the good of the service will be served thereby. . . ."

deputy commissioner Henry Boyle was therefore invalid. The plaintiff contends that only the commissioner of welfare himself, as the "appointing authority," has power under the statutes to order the dismissal of an employee.

The plaintiff's reliance upon the above statutes is misplaced. Section 4-8 (a), by its terms, merely authorizes a department head to appoint a deputy and empowers the deputy so appointed to fill the position of commissioner when the commissioner is unable to perform his duties. As such, its provisions are addressed solely to instances where the commissioner is unable to perform his duties because of absence, disqualification or death.

An appointing authority, as that term is used in § 5-240 (c) is defined in § 5-196 (c) as "a board, commission, officer, commissioner, person or group of persons having the power to make appointments by virtue of a statute *or by lawfully delegated authority.*" (Emphasis added.) From this it follows that a person holding lawfully delegated authority may properly be empowered to appoint and dismiss. Section 17-2, which deals specifically with the duties of the commissioner of social services (formerly the commissioner of welfare) in turn expressly provides that the commissioner "may delegate *any of his powers* and authority to *any deputy,* assistant, investigator or supervisor, who shall have, within the scope of the power and authority so delegated, all of the power and authority of the commissioner." (Emphasis added.) The plaintiff's contention that the deputy commissioner lacked statutory authority to order his dismissal is therefore without merit.

The plaintiff next claims that a sworn statement of the deputy commissioner was improperly admit-

ted into evidence at the hearing before the board, and that he was prejudiced by the admission of this hearsay evidence.

We note first that administrative tribunals are not strictly bound by the rules of evidence and that they may consider evidence which would normally be incompetent in a judicial proceeding, as long as the evidence is reliable and probative. *Lawrence v. Kozlowski,* 171 Conn. 705, 710, 372 A.2d 110, cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977); *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 570, 345 A.2d 520 (1973). There is moreover no specific prohibition against hearsay evidence in the Uniform Administrative Procedure Act, which provides that "[a]ny oral or documentary evidence may be received, but [that] the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence." General Statutes § 4-178 (1).

In order to reverse an agency decision on the basis of an erroneous evidentiary ruling, it is necessary that the appellant demonstrate that "substantial rights of [his] have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record." General Statutes § 4-183 (g) (5). Under the "substantial evidence" test, "the mere erroneous admission . . . of evidence will not invalidate an order of the commission. Substantial prejudice must be affirmatively shown." *Lawrence* v. *Kozlowski,* supra; *Madow* v. *Muzio,* 176 Conn. 374, 382, 407 A.2d 997 (1978).

The record of the proceedings before the board reveals that even without the statement of the deputy commissioner, there was substantial and reliable evidence supporting the decision of the board, including the testimony of the plaintiff himself, in which he admitted that he told his superiors that he had secretly made tape recordings of their conversations.[2] We conclude therefore that the court did not err in finding that the plaintiff failed to meet his burden of demonstrating that he was prejudiced by the admission of the deputy's statement.

The plaintiff next contends that the cause assigned by the board did not constitute sufficient cause for dismissal. We disagree. Section 5-240 (c) states that "[a]n appointing authority may dismiss any employee in the classified service when he considers the good of the service will be served thereby." The regulations promulgated under that section expressly provide that offensive, indecent or abusive conduct toward superiors or co-workers may be considered cause for dismissal of any employee.[3] That

---

[2] William Tomlin testified on cross-examination before the personnel appeal board on matters bearing on the issues of this appeal as follows:

"Q. So, you represented to Mr. Capuano and Mr. DiNallo in the afternoon of July 9th that you in fact had the tapes?

A. Yes, I did.

Q. Did you indicate to them that you considered the position of these tapes as your insurance?

A. Yes. . . .

Q. So, if in effect you did lie to him, didn't you?

A. Yes."

[3] "[Regs., Conn. State Agencies] Sec. 5-240-3. Dismissal.

(a) An appointing authority may dismiss an employee with permanent status from the classified service when the good of the service will be served thereby. . . .

(b) The following may be considered causes for the dismissal of

the plaintiff conducted himself in an offensive manner towards his superiors is apparent from the record in this case.

The plaintiff's claim that the three-member panel of the board which heard his appeal was not properly designated under the statute requires little discussion. Section 5-201 (b) provides that "the board, or any three of its members designated by the board, may serve as a hearing panel." The statute expressly provides that a panel of three members constitutes a proper tribunal to hear appeals and there is no requirement in the statute, or elsewhere, that the designation of a hearing panel be effected in any formalized manner.

The plaintiff's claim that he was prejudiced by the board's failure timely to provide a certified transcript of its proceedings lacks merit as the record discloses that a transcript was in fact provided; that it was available five weeks prior to trial on the merits; and that it was certified prior to the court's decision.

Lastly, the plaintiff argues that the record before the trial court was inadequate to sustain the board's action, because the decision of the board did not separately set out findings of fact and conclusions of law, as required by § 4-183 (d).

In ruling on a similar claim under the analogous provision of the federal Administrative Procedure

---

any employee. . . .

(4) Offensive, indecent or abusive conduct towards the public, superiors, co-workers or inmates or patients of State institutions. . . ."

Act,[4] Judge J. Joseph Smith observed that the requirement that an administrative agency, when acting in an adjudicatory capacity, set forth its findings and conclusions and the reasons therefor was designed to provide a basis for meaningful judicial review but concluded that "so long as 'the path which it [the agency] followed can be discerned' and . . . is not 'so vague and obscure as to make the judicial review contemplated by the Act a perfunctory process,'" reversal of the agency for failure to adequately set forth the reasons for its decision is inappropriate. *Chieppo Bus Co.* v. *United States,* 383 F. Sup. 1192, 1198 (D. Conn. 1974).

In the present case, the record shows that the decision of the board was based on its conclusion that the plaintiff had been guilty of offensive conduct towards his superiors. That conclusion, in turn, was based on testimony and exhibits in the record. In his testimony, the plaintiff admitted the substance of the charges against him and merely offered as a defense his motivation in acting as he did, a defense which was apparently rejected by the board. Inasmuch as the plaintiff's own testimony supports the board's conclusion, he cannot be said to have been prejudiced by the form of the board's decision.

We conclude that the trial court did not err in sustaining the discharge of the plaintiff from state service.

There is no error.

In this opinion the other judges concurred.

---

[4] 5 U.S.C. 557 (c): ". . . All decisions . . . shall include a statement of — (A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record . . . ."