## Martin J. Griffin *v.* Benjamin Muzio, Commissioner of Motor Vehicles
### (4369)

Dupont, C. J., Hull and Spallone, Js.

Argued January 14—decision released March 3, 1987

*Roger J. Frechette,* for the appellant (plaintiff).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

Dupont, C. J. The plaintiff was involved in a two car collision. His car crossed the center line of the roadway, striking a car being driven in the opposite direction, thereby killing two of that car's occupants. After a hearing, pursuant to General Statutes § 14-111 (c),[1]

---

[1] General Statutes § 14-111 (c) provides: "SUSPENSION OF LICENSE AFTER FATAL ACCIDENT. The commissioner shall not suspend the license of any

the plaintiff was found to have caused or contributed to the deaths, and the defendant commissioner of motor vehicles suspended the plaintiff's license. The trial court dismissed the appeal from that determination.

On appeal from that dismissal, the plaintiff claims the trial court erred in (1) finding sufficient evidence of negligence of the plaintiff to warrant the conclusion of the defendant, (2) concluding that the plaintiff was not denied due process of law and (3) finding that the defendant did not act unreasonably, arbitrarily or in abuse of discretion. The third claim of error is based on alleged evidentiary errors of the defendant at the hearing and is discussed in this opinion with the plaintiff's first claim of error.

The plaintiff was represented by counsel at the hearing but did not attend the hearing himself, having been excused from attendance at his own request. His counsel sought a continuance at the beginning of the hearing until such time as any criminal charge which might be brought against the plaintiff had been resolved. At the date of the hearing, there were no criminal charges pending against him.

General Statutes § 14-111 (c) provides that no motor vehicle license of any operator may be suspended unless the facts "indicate responsibility" for a death in a motor vehicle accident and the operator has "caused or contributed to such death . . . through negligence or carelessness." The determination of the issue of whether

operator concerned in any motor vehicle accident resulting in the death of any person solely because such death has occurred, unless the facts as ascertained by the commissioner, after a hearing, indicate responsibility on the part of such operator for such accident, and, if, after such hearing, the commissioner finds that such operator has caused or contributed to such death through the violation of any provision of this chapter or of chapter 248 or through negligence or carelessness, such suspension shall be for not less than one year. A motor vehicle parked in a manner permitted by law shall not be deemed to be concerned in such accident."

the operator was negligent or careless is a question of fact and if there is evidence which reasonably supports that determination, the conclusion of the commissioner will not be disturbed. *DiBenedetto* v. *Commissioner of Motor Vehicles,* 168 Conn. 587, 589, 362 A.2d 840 (1975).

The plaintiff's claim is that there was no evidence of negligence introduced at the hearing and that the only evidence relating to the cause of the accident was contained in his motor vehicle report which stated that he had "blacked out" before the accident. The plaintiff's claim of a "black out" or unavoidable accident is tantamount to a denial of negligence.

The evidence which was introduced, other than the plaintiff's motor vehicle report, was that the plaintiff's car had drifted into the lane of oncoming traffic twice before the collision, that he had not applied his brakes prior to the collision, that there were no highway defects or debris on the highway, that the weather was clear and sunny, and that the highway was straight and level, marked with a solid double yellow line. The plaintiff did not offer evidence of any mechanical failure of his car or any tire deficiency existing prior to the collision.

The plaintiff advances the novel but unsubstantiated proposition of law that because the defendant introduced the motor vehicle report of the plaintiff, that portion of the report which supported the plaintiff's claim of a "black out" had to be believed by the defendant. The defendant, however, could believe or disbelieve any statements made by the plaintiff in his motor vehicle report. The defendant was still left with the necessity of determining whether the plaintiff's negligence contributed to the deaths resulting from the accident. See *Tomczuk* v. *Alvarez,* 184 Conn. 182, 190, 439 A.2d 935 (1981); *Dinda* v. *Sirois,* 166 Conn. 68, 71–72, 347 A.2d

75 (1974); *Robinson* v. *Faulkner,* 163 Conn. 365, 370, 306 A.2d 857 (1972).

The evidence was sufficient for the conclusion of the defendant that the plaintiff caused or contributed to the deaths through negligence or carelessness because he had failed to maintain his vehicle in the proper lane and had failed to maintain a lookout for other vehicles. *Lawrence* v. *Kozlowski,* 171 Conn. 705, 709, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977); *DiBenedetto* v. *Commissioner of Motor Vehicles,* supra, 591. General Statutes § 14-111 (c) does not require a finding that the negligence or carelessness of the operator of a motor vehicle was the sole or major cause of the accident, but only that the negligence or carelessness of the operator contributed to a death. *Madow* v. *Muzio,* 176 Conn. 374, 376, 407 A.2d 997 (1978).

The plaintiff claims that the introduction into evidence of written statements of two witnesses to the accident was arbitrary and an abuse of discretion because such evidence constituted hearsay. His counsel did not object to the introduction except insofar as the statements related to the speed of the plaintiff's vehicle. The statements, however, indicated that the witnesses could not say that the plaintiff's speed was excessive, and the defendant did not rely on excessive speed for the finding of negligence. The defendant offered to continue the hearing so that the witnesses could testify but the plaintiff's counsel declined the offer.

"It is fundamental that administrative tribunals are not strictly bound by the rules of evidence and that they may consider exhibits which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." *Lawrence* v. *Kozlowski,* supra, 710. Moreover, hearsay evidence is *not* prohibited in administrative proceedings by the Uniform

Administrative Procedure Act, which permits the introduction of any oral or documentary evidence. *Tomlin* v. *Personnel Appeal Board,* 177 Conn. 344, 348, 416 A.2d 1205 (1979); General Statutes § 4-178 (1). There is no constitutional or statutory requirement that every witness must testify in a § 14-111 (c) hearing. *Lawrence* v. *Kozlowski,* supra, 723. The erroneous admission of evidence will not invalidate an administrative order unless substantial prejudice is affirmatively shown. *Madow* v. *Muzio,* supra, 382. The burden is on the plaintiff to prove that the evidentiary ruling of an administrative hearing officer is arbitrary, illegal or an abuse of discretion. *Connecticut Natural Gas Corporation* v. *PUCA,* 183 Conn. 128, 139, 439 A.2d 282 (1981); *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 570, 345 A.2d 520 (1973). The plaintiff has not even come close to meeting such burden of proof.

The plaintiff's last claim is that he was denied due process of law because the defendant failed to continue the hearing until any criminal charges against him were ended. His argument appears to be centered on a claimed deprivation of his fifth amendment right not to incriminate himself rather than his fourteenth amendment due process rights under the United States constitution. This claim is not reviewable since it is not adequately briefed. The defendant has cited no case or authority which recognizes an absolute constitutional right under either amendment to a continuance, and has not demonstrated the existence of a compelling circumstance proving a deprivation of any constitutional right. See *Chaplin* v. *Balkus,* 189 Conn. 445, 448–49, 456 A.2d 286 (1983).

There is no error.

In this opinion the other judges concurred.