[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles (hereafter called "the Commissioner") ordering suspension of the plaintiff's motor vehicle operator's license for refusal to give consent to a test after his arrest for operating under the influence of alcohol, as provided in section 14-227b of the General Statutes, known as the implied consent law. Since the plaintiff was arrested on August 12, 1989, this appeal is governed by the version of the statute which was in effect prior to January 1, 1990, when it was amended by Public Act 89-314.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." If the individual refuses to submit to a test the Commissioner suspends his operator's license. The statute provides that any person whose license has been suspended is entitled to a hearing before the Commissioner which is limited to four issues:
(1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor;
(2) Was such person placed under arrest; CT Page 3294
(3) Did such person refuse to submit to the test; and
(4) Was such person operating the motor vehicle.
The statute further provides that after a hearing the Commissioner shall reinstate the operator's license or operating privileges if any of the issues are found in the negative. Section 14-227b(f) C.G.S.
An administrative hearing was held on April 4, 1990. One of the arresting officers, Joseph Streeto, appeared at the hearing and testified. His police report was offered as an exhibit and was admitted without objection by the plaintiff or his attorney. In response to questions Streeto testified that he arrested the plaintiff on August 12, 1989 for operating under the influence of alcohol after seeing him operate his motor vehicle on a public highway in New Haven. Streeto advised the plaintiff of his Miranda rights and offered him a breath test. He also told the plaintiff of the consequences of refusing the test and that he had a reasonable opportunity to telephone an attorney. Chipman said that he wanted to consult with his attorney before deciding whether to take the test. The plaintiff stated that he was unable to find his attorney's number in his wallet and he then decided to call his father. Since Chipman did not initially refuse the test, Streeto proceeded to set up the intoximeter in another room. At that point a fight broke out between Chipman and Officer Lyn in the other room, although there is a difference of opinion as to how and why the fight started. After the plaintiff was subdued he was asked again if he wanted to take the test, and he then refused. (Exhibit 4, page 6). He was later taken to the hospital for repairs for injuries sustained in the fight, and at that time a blood test was taken which registered 0.142. This was about two hours after the plaintiff was arrested. The officer's report introduced as Exhibit A at the hearing (return of record, Exhibit 6) also states that the plaintiff refused the first test. The plaintiff does not contest that he was operating his car, that the police had probable cause to arrest him for driving under the influence of intoxicating liquor and that he was in fact placed under arrest. He contests the position of the police and the finding of the Commissioner that he refused to submit to the test. He makes three claims in this appeal:
(1) There was no reliable evidence at the administrative hearing which showed that the plaintiff refused to take the test; (2) the plaintiff was not given a reasonable opportunity to contact a lawyer prior to being CT Page 3295 requested to submit to a test, which is claimed to be required by statute before the plaintiff's license can be revoked for failure to take the test; and (3) the plaintiff voluntarily submitted to a blood test at the hospital and, as a result, did not refuse to take a suitable test.
The hearing officer, acting for the Commissioner, concluded that the four elements in section 14-227b(f) were met, including refusal of the plaintiff to submit to a blood, breath or urine test. Section 14-227b(b) gives the police officer the option as to which test is to be selected. In this case Officer Streeto selected the breath test. The plaintiff claims that the evidence does not support the finding that the plaintiff refused to take the designated test.
In an appeal to the courts under section 4-183 (j) C.G.S., the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Lieberman v. Board of Labor Relations,216 Conn. 253, 262; Madow v. Muzio, 176 Conn. 374, 376. The court cannot substitute its judgment for that of the Commissioner. Buckley v. Muzio, 200 Conn. 1, 3; C H Enterprises, Inc. v. Commissioner of Motor Vehicles,176 Conn. 11, 12. The credibility of witnesses is within the province of the administrative agency, and under the substantial evidence rule, if there is evidence which reasonably supports the Commissioner's decision, that decision must be upheld. Persico v. Maher, 191 Conn. 384,409. In evaluating whether the conclusions reached meet the substantial evidence standards, the credibility of witnesses is a matter within the province of the agency. Lieb v. Board of Examiners for Nursing, 177 Conn. 78, 86; Briggs v. State Employees Retirement Commission, 13 Conn. App. 477, 482. Where, as here, the claim is that the agency made an incorrect decision based on the evidence before it, the court applies the substantial evidence rule, which allows reversal of the decision only if the conclusion reached was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Lawrence v. Kozlowski,171 Conn. 705, 713; Persico v. Maher, supra, 409. The question on appeal is whether the Commissioner has acted unreasonably, arbitrarily or in abuse of his discretion. Buckley v. Muzio, supra, 3; Persico v. Maher, supra, 409; New Haven v. Freedom of Information Commission, 205 Conn. 767, 773. The substantial evidence rule requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Lawrence v. Kozlowski, supra, 713. CT Page 3296
In this case the testimony of Officer Streeto and the police report is sufficient to meet the substantial evidence rule even though the plaintiff offered evidence that he did not, under the circumstances, refuse to take a test. The hearing record clearly supports the refusal to take the test after the fight with Officer Lyn. While it is not necessary to resolve whether Lyn or Chipman started the fight and all the specific facts involved, the hearing officer could reasonably conclude that the plaintiff then refused to take the test based on Streeto's testimony that he heard Chipman say that he would not take the test. The statute does not excuse a refusal because a drunken motorist has a fight with a police officer and, as a result, then refuses to take the test. If the altercation was started by Officer Lyn, that did not prevent Chipman from taking the test or excuse his failure to do so. The statute does not create an exception for this situation, and the court cannot rewrite or construe the statute to create one. Section 14-227b(b) provides that if the driver, after being warned and advised as provided in the statute, "refuses to submit to the designated test, the test shall not be given." At the time Chipman withdrew his initial consent the test had not been given. The statute does not say that the driver's license cannot be suspended if he initially consents to a test but withdraws consent before it is given. Such an exception also cannot be read into the statute. The plaintiff was not given the breath test when he withdrew his consent, and that was a refusal to submit to the test under section 14-227b(f)(3) C.G.S.
The plaintiff also challenges the proceeding because a portion of Exhibit A was a premarked exhibit for a hearing scheduled at an earlier date which was cancelled. It is claimed that this precludes the right of cross examination and affects the fairness of the hearing. There are several reasons why this claim lacks merit. The attached report was prepared by Officer Streeto, who was available for cross examination at the hearing on April 4, 1990, and Streeto attended and was cross examined at the hearing. Also, the plaintiff's attorney allowed the report to be admitted as evidence without objection. Finally, the record does not show that any improper evidence was admitted at the hearing, and in any event substantial prejudice must be shown for this type of claim to have any merit, and it was not shown here. See section 4-183 (j) C.G.S.; Griffin v. Muzio, 10 Conn. App. 90,94; Lawrence v. Kozlowski, supra, 713, 714, 723; Connecticut Natural Gas Corporation v. Public Utilities Control Authority, 183 Conn. 128, 139.
The plaintiff's next claim is that the fact that he was given a blood test at the hospital excuses his refusal to CT Page 3297 take the test offered at the police station. After the fight with Officer Lyn the plaintiff was taken to the hospital for medical treatment. A blood sample was taken at that time. It is not clear from the record whether the plaintiff was asked to submit to a blood test and consented, or whether the plaintiff did not object to the drawing of blood which was done by hospital personnel as routine procedure under the circumstances. The hearing officer made no specific finding on whether or not Chipman consented to a test at the hospital. In any event, the blood test at the hospital was not consent to a test within the meaning of section 14-227b. The test would not have occurred except that it was necessary to take the plaintiff to the hospital for repairs after the fight at the police station and after he refused to take the breath test. Section 14-227b(b) allows the police officer to choose the test, and in this case the breath test was selected. It was refused by the plaintiff. Even if he later consented to a blood test at the hospital, there is no indication that he was offered another opportunity there to take the test by the police. The Commissioner is correct that the issue is whether the plaintiff refused to be tested when the police officer made the request, not whether the plaintiff subsequently voluntarily was tested by someone else. Section 14-227b(b) clearly establishes "the option of the police officer" to select the test to be taken. The blood test was never offered as an option by the police. To accept the plaintiff's position would directly negate the statute by giving the option of the test to be taken to the driver rather than the police officer. What the plaintiff's position amounts to is that he has the option to refuse to take the breath test when offered by the police, and select the blood test instead. This is clearly not the law.
The final claim is that there was not a legal refusal to take the test because the plaintiff was not afforded a reasonable opportunity to telephone an attorney before deciding whether or not to take the alcohol test. The plaintiff relies on provisions in the statutes on admissibility of test results, or refusal to take a test, in criminal prosecutions for driving under the influence of intoxicating liquor. One of the requirements for admitting test results in a criminal prosecution is that the defendant was given a reasonable opportunity to telephone an attorney prior to the performance of the test and consented to the taking of the test. Section 14-227a(c) C.G.S. Subsection (f) of the same statute provides in part that "in any criminal prosecution for violation of subsection (a) or (b) of this section, evidence that the defendant refused to submit to a blood, breath or urine test requested in accordance with section 14-227b shall be admissible provided CT Page 3298 the requirements of subsection (b) of said section have been satisfied." Section 14-227b(b) contains the requirements for the test, which includes an instruction from the police officer to give the motorist "a reasonable opportunity to telephone an attorney prior to the performance of such test." The officer must also inform the motorist that "refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution." (emphasis added) In Clark v. Muzio, 14 Conn. App. 212, cert. denied 208 Conn. 809, it was held that a driver does not have a constitutional right to consult with an attorney before deciding whether to take the alcohol test. The statute does require the driver to be given a reasonable opportunity to telephone an attorney before the performance of the test. The Commissioner could reasonably find, as a factual matter, from Officer Streeto's testimony that the plaintiff gave up his initial impulse to call an attorney when he could not find the card in his wallet and decided to call his father instead, and that the police gave Chipman a reasonable opportunity to call an attorney before he refused the test.
The Commissioner is also correct that the statutory provision allowing a motorist a reasonable opportunity to telephone an attorney is only a requirement for admissibility in evidence at a criminal prosecution of the test results for a driver's refusal to take the test. The issue of license suspension at a hearing before the Commissioner for refusal submit to a test under section 14-227b is independent of the outcome of the disposition of the charge of operating the influence of liquor in violation of section 14-227a. Volck v. Muzio, 204 Conn. 507, 515. In a license suspension hearing, whether the operator was warned of the consequences of refusing to submit to chemical tests is not an issue under section 14-227b(f) C.G.S. Id., 520, Weber v. Muzio, 204 Conn. 521, 523. The administrative hearing for a license suspension under section 14-227b(f) is expressly by the statute to the four issues, which include refusal to take the test. Buckley v. Muzio, 200 Conn. 1, 4; Volck v. Muzio, supra, 514; Weber v. Muzio, supra, 523. The license suspension hearing statute does not require a determination whether the driver was given a reasonable opportunity to contact an attorney before taking the test. While that requirement exists in order to introduce evidence of refusal to take the test at a criminal prosecution, which has more serious consequences, the statute does not indicate legislative intent to extend that concept to an administrative, license revocation proceeding.
The plaintiff has not shown any grounds for reversal of CT Page 3299 the agency's decision under section 4-183 (j) C.G.S. The appeal is dismissed.
ROBERT A. FULLER, JUDGE