[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from an order of the defendant, Commissioner of Motor Vehicles, suspending his license to operate a motor vehicle in the State of Connecticut. The suspension was based on the findings of fact and conclusions of law of an adjudicator following a hearing held pursuant to General Statutes 14-227b, the so-called implied consent law, CT Page 3829 in effect at the time of the plaintiff's arrest.
On September 16, 1989, the plaintiff was arrested for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes 14-227a. Subsection (a) of 14-227b provides that any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. Subsection (c) of 14-227b provides that if a person arrested for operating a motor vehicle under the influence of intoxicating liquor refuses to submit to such test, the police officer shall revoke his license and prepare a written report of such refusal. He must then send the report to the commissioner who must suspend the operator's license for six months.
Such operator is entitled to a hearing under subsection (d) of 14-227b limited to a determination of the following four issues: (1) whether the police officer had probable cause to arrest the person for operating a motor vehicle under the influence of intoxicating liquor; (2) whether such person was placed under arrest; (3) whether such person refused to submit to such test; and (4) whether such person was operating the motor vehicle.
The arbitrator, in his Findings of Fact and Conclusions of Law, entered an affirmative finding as to each of said issues. The plaintiff initially contends in his Brief that the arbitrator's finding that he refused to submit to a test or analysis is erroneous and an abuse of discretion "because it was not logically supported by any subordinate findings or reasoning." He further claims that the adjudicator's failure to make such subordinate findings to support his ultimate conclusion deprived the Plaintiff of due process of law and "is against the weight of the documentary evidence admitted into the record." He also contends that the adjudicator's decision and findings "are clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; and [that] they are arbitrary and capricious, contrary to law, and an abuse of discretion." Plaintiff's Brief, pp. 1-3.
This latter argument is made in spite of the fact that there is nothing in the record to suggest that the plaintiff ever denied operating the motor vehicle at the time and place of this incident or that he was placed under arrest for violating14-227a. Although he contested to some extent at the agency hearing the officer's probable cause for stopping him on the highway, he has not pursued this issue in this appeal. Notwithstanding that this argument was abandoned, the court notes that there is more than adequate evidence in the record to satisfy the requirements of probable cause for the stop. CT Page 3830 Accordingly, this court need only address the plaintiff's claims as they pertain to the issue of whether or not he refused to submit to a chemical test or analysis.
This appeal is brought pursuant to the Uniform Administrative Procedures Act (hereinafter referred to "UAPA") as set forth in General Statutes 4-166 through 4-189. The scope of judicial review is quite narrow; it's specific parameters are set forth in the UAPA. This court cannot retry the case or substitute its own judgment for that of the commissioner. Buckley v. Muzio, 200 Conn. 1, 3. The court's ultimate duty is only to decide whether, in light of the evidence, the defendant has acted unreasonably, arbitrarily, illegally or in abuse of his discretion. Id., 3.
An examination of the record disclosed that the plaintiff was afforded a hearing before ae an adjudicator on December 22, 1989. He attended the hearing without counsel, cross-examined the arresting officer and testified on his own behalf.
Among the evidence presented at the hearing was the investigation report filed by Trooper Abrams, the arresting officer. It indicates that the officer read the implied consent form to the plaintiff who then submitted to a breath test at 2:19 A.M. on the morning of September 16, 1989. The report further states that the plaintiff refused to take a second breath test.[1]
Trooper Abrams testified at the hearing that the second test was offered to the plaintiff thirty minutes or later after he took the first test and he refused to blow into the Intoximeter 300 breath machine. The plaintiff denied that he refused to take a second test and testified that he did blow into the machine but apparently not to the satisfaction of the trooper. In his Brief, the plaintiff objects to the admission of the police report into evidence at the administrative hearing. Our courts have consistently held that such evidence is admissible at an administrative hearing so long as it is reliable and probative. Lawrence v. Kozlowski, 171 Conn. 705, 710. Griffin v. Muzio, 10 Conn. App. 90, 93; cert. denied 203 Conn. 805. The plaintiff made no such objection to the admission of the police report at the agency hearing. In any event, the court finds that the report satisfies the requirements of reliable and probative content and was, therefore, admissible.[2]
The "substantial evidence" rule governs judicial review of administrative fact finding under the UAPA. Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217. An administrative finding is supported by "substantial evidence" if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. In determining whether an administrative finding is supported by "substantial CT Page 3831 evidence", a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe of disbelieve the evidence presented by any witness. . . in whole or in part. Id., 217.
This court finds that the record in this case affords a substantial basis of fact on which the defendant could reasonably find that the plaintiff refused to take a test in compliance with 14-227b. The commissioner did not act unreasonably, arbitrarily, illegally or in abuse of his discretion in suspending the plaintiff's operator's license. Nor, as a prelude thereto, was the adjudicator required to file subordinate findings in resolving the issues in this case.
Accordingly, the action of the defendant is affirmed and the appeal is dismissed.
BARRY, J.