[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to Section 4-183 of the Connecticut General Statutes, the plaintiff has filed the instant appeal seeking judicial review of the Commissioner of Motor Vehicles suspension decision under Connecticut's implied consent law. [14-227b]. Based on a stipulation of facts on the hearing date that the plaintiff was the one whose license was suspended, the court finds that the plaintiff is aggrieved.
Facts
On April 20, 1990, the plaintiff was arrested for operating while under the influence, in violation of Connecticut General Statutes, Section 14-227a. After being apprised of the chemical alcohol testing requirements of the implied consent law, the plaintiff agreed to take the mandatory test. The results of the test indicated that the ratio of alcohol in the plaintiffs blood was more than ten-hundredths of one percent of alcohol by weight. A written report of the arrest and test results were forwarded to the Department of Motor Vehicles in accordance with14-227b(c). Thereafter, the plaintiff was notified by the Commissioner of Motor Vehicles that his operator's license was to be suspended for ninety days because his blood alcohol content exceeded the level set forth in the implied consent law. The plaintiff exercised his right to have an administrative hearing, which was held on May 9, 1990. Pursuant to Section14-227b (f) the administrative hearing is limited to four issues:
 "(1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle of for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test of analysis or did such person submit to such test or analysis and the results of such test of analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol or by weight; and (4) was such person operating the motor vehicle."
As a result of the hearing on May 9, 1990, the CT Page 5183 Commissioner, acting through his designee, found in the affirmative on the four license suspension issues quoted above and therefore rendered a decision against the plaintiff and offered that his motor vehicle operator's license be suspended for a period of ninety (90) days. The plaintiff filed a Petition for Reconsideration on May 15, 1990, in accordance with Connecticut General Statutes Section 4-181a, which Petition was denied by the State of Connecticut, Department of Motor Vehicles Adjudications Unit on May 27, 1990.
Scope of Judicial Review
The limited scope of review authorized by law prohibits the court from substituting its judgment for that of the Commissioner of Motor Vehicles on questions of fact or concerning the weight to be given the evidence. Judicial review of the Commissioner of Motor Vehicles actions in suspending an operator's license under Conn. Gen. Stat. 14-227b is governed by the Uniform Administrative Procedure Act, Conn. Gen. Stat.4-166 et seq.
 "With regard to questions of fact, it is neither the function of the trial court nor of the [Supreme] Court "to retry the case or to substitute its judgment for that of the administrative agency." Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 496 (1986) (citations omitted).
 "Judicial review of conclusions of law is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Id. (citations omitted).
Issues
The legal issues which are dispositive of this appeal concern the admission into evidence at the hearing of the arresting officer's "DWI Arrest and Alcohol Test Refusal or Failure Report."
(1) Was the officer's report properly sworn to as required by Section 14-227b (c) of the Conn. Gen. Stats.?
(2) Is the admission into evidence of the report in question without the officer being present at the hearing pursuant to Sections 14-227b-18 and 14-227b-19 of the Regulations of Connecticut State Agencies unconstitutional? CT Page 5184
I. Police report being "sworn to."
Section 14-227b(c) of the Conn. Gen. Stats. provides in its pertinent section:
 ". . . .The police shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be sworn to under penalty of false statement as provided in Section 53a-157 by the police officer before whom such refusal was made or who administered such test or analysis. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal . . . ." [emphasis added].
The plaintiff refers the court to Sections 3-19 and 53a-157
of the Conn. Gen. Stats. and claims that there is a requirement for a notarial seal to be present for the report to be properly "sworn to."
Section 3-91 in its pertinent section provides: [repealed and replaced — 90-154 So. 1]
 ". . . . The fee of forty dollars shall be waived for all state police majors, captains, lieutenants and sergeants making application for appointment as notary public, except that such police officers may exercise their authority as notaries public only in the administration of oaths and affirmations and the taking of acknowledgments pertaining to official police matters, and in such case, the seal of the state police shall be the notarial seal . . . ." [emphasis added].
Section 53a-157 provides:
 "A person is guilty of false statement when he intentionally makes a false written statement under oath or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable, which he does not believe to be true and which statement is intended to mislead a public servant in the performance of his official function." [emphasis added]. CT Page 5185
It should be noted that part of the plaintiff's argument is that Section 14-227b(c) requires that the statement be sworn to under penalty of false statement as provided in Section53a-157. Plaintiff states in his brief that a seal is required for punishment under Section 53a-157 because it states "under oath and pursuant to a form bearing notice, . . . ." Plaintiff has misquoted the statute in its most pertinent section as it pertains to this case. The statute reads, "under oath or pursuant to a form bearing notice, . . . ." [emphasis added]. Plaintiff has also disregarded Section 1-24 (13) of the Conn. Gen. Stats. entitled "Who may administer Oaths" which reads:
 "The following officers may administer oaths: . . . . (13) the commissioner of public safety and the chief, acting chief, superintendent of police, major, captain, lieutenant and sergeant of any local police department or the division of state within the department of public safety, in all affidavits, statements, depositions, complaints, or reports made to or by any member of any local police department or said division of state police or . . . ." [emphasis added].
It is the court's opinion that a sergeant does not have to be a notary public to take oaths. There is no requirement under Section 1-24 (13), which authorizes sergeants to administer oaths, that he/she must affix a "notarial seal." No evidence was presented to the hearing officer that the report was not properly sworn to by the officer as is indicated on the face of the report. The face of the report shows the "testing officer" to be an Officer Franklin, and below his signature is that of a Sergeant Johnson as the "person administering oath," with the printed statement that Officer Franklin has "Subscribed and sworn to before me."
The police report conforms to the requirements of14-227b(c) and was properly "sworn to" by a person who has the authority to administer oaths.
II. Constitutionality of not requiring presence of officer for introduction of report.
The United States Supreme Court has determined that a motor vehicle operator's license cannot be suspended without "that procedural due process required by the Fourteenth Amendment." Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586 (1971). See, also, Hickey v. Commissioner of Motor Vehicles, 170 Conn. 136,144 (1976). The right to present evidence and to cross-examine CT Page 5186 witnesses in contested cases, such as a license suspension case under the implied consent law, are also guaranteed by the Uniform Administrative Procedure Act, Conn. Gen. Stat. 4-177,4-177c(a), 4-178 (5).
Administrative tribunal are not strictly bound by the rules of evidence and they may consider evidence which would normally be incompetent in a judicial proceeding, as long as the evidence is reliable and probative. "There is moreover no specific prohibition against hearsay evidence in the Uniform Administrative Procedures Act, which provides that [a]ny oral or documentary evidence may be received, but [that] the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence." General Stat. 4-178 (1). Tomlin v. Personnel Appeal Board, 177 Conn. 344,348 (1979). See, also, Lawrence v. Kozlowski, 171 Conn. 705,710 (1976); Griffin v. Muzio, 10 Conn. App. 90 (1987).
In Altholtz v. Connecticut Dental Commission, 4 Conn. App. 307
(1985), the court ruled that certain hearsay evidence, reports by two other dentists, considered by the commission were trustworthy and did not substantially prejudice the plaintiff. The court cited Richardson v. Perales, 402 U.S. 389,91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), for the standard by which the trustworthiness of hearsay evidence is to be measured in an administrative hearing. In Richardson the hearsay evidence consisted of medical reports introduced in the absence of the doctors who prepared them. "In determining that the reports were trustworthy although hearsay, the Supreme Court stated `that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding . . . . adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.' Richardson v. Perales, supra, 402." Id., 312.
In Cassella v. Civil Service Commission, 4 Conn. App. 359
(1985), the Appellate Court also relied upon Richardson v. Pearles, supra, to find that the plaintiff was afforded a fair and impartial hearing and was not deprived of due process of law by the written hearsay evidence admitted by the commission. The hearsay evidence there consisted of documentary evidence, such as court transcripts and affidavits, tending to prove that a rigged examination had taken place.
The admission of written statements by two witnesses to a CT Page 5187 motor vehicle accident in a suspension of license hearing was supported in Griffin v. Muzio, 10 Conn. App. 90 (1987), although the commissioner in that case offered to continue the hearing so that the witnesses could testify, but the plaintiff's counsel declined the offer. As the court stated in Griffin v. Muzio, supra, p. 93-94:
 "It is fundamental that administrative tribunal are not strictly bound by the rules of evidence and that they may consider exhibits which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative." Lawrence v. Kozlowski, supra, 710. Moreover, hearsay evidence is not prohibited in administrative proceeding by the Uniform Administrative Procedure Act, which permits the introduction of any oral or documentary evidence. Tomlin v. Personnel Appeal Board, 177 Conn. 344, 348, 416 A.2d 1205 (1979) ; General Statutes 4-178 (1). There is no constitutional or statutory requirement that every witness must testify in a 14-111(c) hearing. Lawrence v. Kozlowski, supra, 723. The erroneous admission of evidence will not invalidate an administrative order unless substantial prejudice is affirmatively shown. Madow v. Muzio, supra, 382. The burden is on the plaintiff to prove that the evidentiary ruling of an administrative hearing officer is arbitrary, illegal or an abuse of discretion. Connecticut Natural Gas Corporation v. PUCA, 183 Conn. 128, 139, 439 A.2d 282 (1981); Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 570, 345 A.2d 520 (1973) . . . . ."
The notice of the hearing states that the hearing would be conducted in accordance with, inter alia, 14-227b-1 through14-227b-29 of the Regulations. Section 14-227b-18 provides:
 (a) At the hearing the commissioner shall not require the presence and testimony of the arresting officer, or and other person, but the hearing officer may take an appropriate order, as authorized by Section 14-110 of the General Statutes, to obtain the testimony of such arresting officer or other witness, if the same appears necessary to make a proper finding on one or more of the issues stated in Section 14-227b (f) of the General Statutes, as amended by Section 1 of Public Act 89-314.
 (b) A person arrested for an enumerated offense may at his own expense and by his own solicitation summon to the hearing the arresting officer or any other CT Page 5188 witnesses to give oral testimony. The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing.
 (b) If a person arrested for an enumerated offense wishes to summon to the hearing officer or any other witness, but such person is indigent, such person must file with the Commissioner a sworn affidavit stating facts proving such indigency, at least seven days prior to the hearing. In such case, the commissioner shall summon such arresting officer or witness to the hearing.
 (See, also, Conn. Agencies Regs. 14-227b-19
concerning the arresting officer's report being admissible if it conforms to requirements of 14-227b(c).)
Volck v. Muzio, 204 Conn. 507, (1987), discussed the admissibility of the report as an exception to the hearsay rule if it complied with the foundation necessary in Section14-227b(c). Although that case involved a "refusal" to take the test which would also require a separate witness's signature, the court stated at pages 517-518:
 "Subsection (c) of 14-227b prescribes not only that the `report of such refusal' bear the signature of a witness to the refusal but also that it be sworn to by the police officer before whom such refusal was made,' that it set forth the grounds for probable cause to make the arrest and that it state that the arrested motor vehicle operator had refused to submit to a prescribed test. Its evident purpose is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer. (emphasis added).
It is clear that according to the regulations and the information provided on the "Temporary License" which is part of the record, that the plaintiff was put on notice that if he wished to confront and cross-examine the arresting officer, he could have required his presence. Once he chose not to do so, the report was admissible if it complied with Section14-227b(c).
Therefore, the report was properly admitted into evidence CT Page 5189 without the testimony of the arresting officer and the plaintiff was not "substantially prejudiced" by the receipt of evidence in written form.
For the foregoing reasons, the appeal is dismissed.
CLIFFORD, J.