[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Hispano Market appeals the decision of the defendant department of public health (department) suspending the plaintiff's authorization as a vendor in the federal Special Supplemental Food Program for Women, Infants and Children (WIC Program), which the department administers in this state. The department acted pursuant to General Statutes § 19a-59c and Regs., Conn. State Agencies § 19a-59c-6. The plaintiff appeals pursuant to General Statutes 4-183.
The following facts are reflected in the record. Since November 1993, Hispano Market has contracted with the state of Connecticut to participate in the WIC Program as an authorized food vendor. On February 10, 1995, Hispano Market received notice from the department that it had been disqualified from participating in the WIC program for a period of three years, effective February 25, 1995. (ROR, 58.) On February 15, 1995, Hispano Market requested a hearing. By notice dated March 31, 1995, a hearing was scheduled for April 24, 1995. On that date, a hearing was held before hearing officer Antonia D. Howard. Hispano Market was represented by counsel and Dennis Banks, Food Delivery Coordination, WIC program appeared on behalf of the CT Page 1540 department. Banks and the plaintiff's owner Orestes Delgado testified at the hearing.
On June 6, 1996, the hearing officer issued a proposed decision to which Hispano Market filed exceptions. (ROR, 76, 64.) Oral argument took place on July 26, 1996, before hearing officer Susan M. Heyward. On September 11, 1996, the department adopted the June 6, 1996 proposed decision that found Hispano Market violated its WIC vendor agreement and affirmed the disqualification of Hispano Market from the WIC program and dissolved the stay. This appeal followed an October 9, 1996.
The plaintiff raises three issues in its appeal. First it claims a violation of its rights to due process under theFourteenth Amendment to the U.S. Constitution and its counterpart in the Connecticut constitution because it was denied the opportunity to cross examine the department's witness. Second it argues that the hearing officer improperly shifted the burden of proof by requiring the plaintiff to subpoena the author of the department's documentary evidence. Finally, it argues that the plaintiff's right to a fair hearing was violated by the admission of reports that were inadmissible hearsay.
The defendant renews its claim that the court lacks subject matter jurisdiction. This claim had been raised in a Motion to Dismiss that was denied with a memorandum of decision on March 27, 1997. While this court does not adopt the reasoning of that decision, it agrees with the result for the reasons stated inAlmonte v. Richard Blumenthal, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 572948 (November 21, 1997). See Stevens v. Hartford Accident Indemnity Co.,39 Conn. App. 429, 437-438 (discussion of law of the case as a flexible principle). Accordingly, the court rejects the defendant's claim.
The scope of the court's review of an agency's decision is very limited. Under General Statutes § 4-183 (j), "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . the court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record." CT Page 1541
Furthermore, "[j]udicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). "Ultimately, `[t]he question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action taken." (Citations omitted.) Miko v. Commission on Human Rights Opportunities, 220 Conn. 192, 201 (1991).
Addressing the plaintiff's third claim first, the court looks to the record to determine if the plaintiff objected to the evidence it claims was erroneously admitted. The plaintiff did not object to the admission of the compliance purchase reports that the department relied upon to prove the plaintiff's violations. (ROR, Vol. II, p. 7.) Hearsay evidence itself is not prohibited under the Uniform Administrative Procedures Act (UAPA), General Statutes §§ 4-166, et seq. Tomlin v. PersonnelAppeal Board. 177 Conn. 344, 348 (1979). Further, "[when hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v. Muzio. 204 Conn. 507,518 (1987). For these reasons, the court rejects this claim of error.
The plaintiff next claims that it was deprived of its right to confront and cross examine the department's witness in violation of its rights to due process. Plaintiff's counsel first presented this argument in a motion to dismiss before the hearing officer on April 24, 1995. (ROR, Vol. II, pp. 918.) The hearing officer denied the motion. The hearing was held pursuant to General Statutes §§ 4-179, 19a-59c and 7 C.F.R. § 246.18[1]. (ROR, Vol. I, 3.) General Statutes § 19a-59c reads: "The Department of Public Health is authorized to administer the federal Special Supplemental Food Program for Women, Infants and Children in the state, in accordance with federal law and regulations. The Commissioner of Public Health may adopt regulations, in accordance with the provisions of chapter 54, necessary to administer the program."
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, CT Page 1542 must be conducted so as not to violate the fundamental rules of natural justice." Huck v. Inland Wetlands Watercourse Agency.203 Conn. 525, 526 (1987).
At this hearing four compliance reports were introduced that established the department's case that the plaintiff had violated its WIC contract. The author of those reports did not appear. The notice for the hearing stated the following in bold print.
 Reminder: "It is your obligation to call any person you desire as a witness." This includes any WIC Vendor Monitors and or Compliance Investigators.
(ROR, Vol. I, p. 15.) The plaintiff did not call any witnesses other than its owner.
While the plaintiff argues in its brief that it could not subpoena the author of these reports there is nothing in the record to reflect any efforts to do so. Carlson v. Kozlowski,
216, 172 Conn. 267 (1997). In addition to advising the plaintiff of its obligation to call witnesses, the notice informed the plaintiff of the evidence the department would be relying on.
The case cited by the plaintiff in support of this argument is distinguishable from the present one. In Silver v.Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 562503 (January 23, 1997), the plaintiff had issued a subpoena to secure the presence of the officer, who failed to appear. The plaintiff made no such effort here. The court finds that the plaintiff was provided with the opportunity to cross examine. Its due process rights under the constitutions were not violated.
The remaining issue in the plaintiff's appeal is that the department impermissibly shifted the burden by requiring it to subpoena the author of these reports. The court disagrees. The department chose to present its case in chief through documentary evidence. There is no requirement for live testimony under the UAPA nor, as noted above, is hearsay evidence prohibited under UAPA. See General Statutes § 4-178. The department did not impermissibly shift its burden to the plaintiff by choosing not to call the author of its compliance reports.
The issue of whether this documentary evidence was substantial evidence to support the agency finding is not raised CT Page 1543 in this appeal. See Collins v. Goldberg. 28 Conn. App. 733, 738
(1992).
For the above reasons, the appeal is dismissed.
DiPentima, J.